IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 16, 2003

## TIMOTHY BICKERS, THOMAS CARTER, AND GREGORY HEDGES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Greene County**
**Nos. 02-CR-200, 02-CR-201, 02-CR-202     James E. Beckner, Judge**

---

**Nos. E2002-02887-CCA-R3-PC, E2002-02888-CCA-R3-PC, E2002-02889-CCA-R3-PC**
**January 7, 2004**

---

The petitioners, Timothy Bickers, Thomas Carter, and Gregory Hedges, appeal the post-conviction court's dismissal of their joint *pro se* petition for post-conviction relief. On appeal, the petitioners contend: (1) due process mandates the statute of limitations be tolled; and (2) the post-conviction court erred in denying their motion for recusal. We affirm the post-conviction court's dismissal of the petition.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Timothy Bickers, Thomas Carter, and Gregory Hedges, Mountain City, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; and C. Berkeley Bell, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 12, 2002, the petitioners filed a joint "Petition for Post-Conviction Relief" alleging the state violated Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), by failing to reveal a plea agreement with an accomplice, Janie Riddle, who testified against them at their 1985 trial. The post-conviction court summarily dismissed the petition without conducting an evidentiary hearing and found the statute of limitations for post-conviction relief had expired. The post-conviction court further found the alleged grounds for relief had been previously determined in prior post-conviction proceedings. The petitioners now appeal the post-conviction court's dismissal of the November 12th petition.

# I. PRIOR PROCEEDINGS

The petitioners were convicted in September 1985 of two counts of aggravated kidnapping, two counts of armed robbery, and one count each of first degree burglary, aggravated assault, and grand larceny for the robbery and kidnapping of Mr. and Mrs. Lewis Buckles on January 31, 1985, in Greeneville, Tennessee. Petitioner Hedges received an effective ninety-six-year sentence while Petitioners Bickers and Carter each received an effective eighty-year sentence. Their convictions and sentences were affirmed on direct appeal. *See* State v. Gregory A. Hedges, Thomas D. Carter, and Timothy Bickers, No. 252, 1987 Tenn. Crim. App. LEXIS 2217 (Tenn. Crim. App. Apr. 15, 1987, at Knoxville), *perm. to app. denied* (Tenn. 1987).

The petitioners each timely filed a post-conviction relief petition. There were no allegations concerning the accomplice testimony of Janie Riddle. The post-conviction court denied all three petitions. This court affirmed the denials of relief as to Petitioners Bickers and Carter. *See* Timothy Thomas Bickers v. State, No. 03C01-9311-CR-00361, 1995 Tenn. Crim. App. LEXIS 13 (Tenn. Crim. App. Jan. 10, 1995, at Knoxville), *perm. to app. denied* (Tenn. 1995); Thomas D. Carter v. State, No. 03C01-9203-CR-69, 1992 Tenn. Crim. App. LEXIS 929 (Tenn. Crim. App. Dec. 17, 1992, at Knoxville), *perm. to app. denied* (Tenn. 1993). This court vacated Petitioner Hedges' grand larceny conviction due to a double jeopardy violation but otherwise affirmed the judgment of the post-conviction court. *See* Gregory Hedges v. State, No. 03C01-9112-CR-00379, 1993 Tenn. Crim. App. LEXIS 164, at *37 (Tenn. Crim. App. March 10, 1993, at Knoxville), *perm. to app. denied* (Tenn. 1993).

On March 26, 1997, the petitioners filed motions to reopen the post-conviction relief proceedings and writs of *error coram nobis*. The petitioners maintained the state failed to disclose a plea agreement with accomplice Janie Riddle, the state's primary witness at trial, in violation of due process. Although the trial court entered a preliminary order granting the motions to reopen, it dismissed the petitions without conducting an evidentiary hearing finding the statute of limitations had expired for both *coram nobis* relief and post-conviction relief. The trial court also found the alleged grounds for relief were waived due to the petitioners' failure to raise the issue in the original petitions. On appeal, a panel of this court held the lower court erroneously granted the motions to reopen because "prosecutorial misconduct" is not a statutory ground to reopen a petition for post-conviction relief. *See* Timothy Bickers, Thomas Carter, and Gregory Hedges v. State, No. 03C01-9706-CR-00218, 1998 Tenn. Crim. App. LEXIS 998, at *7 (Tenn. Crim. App. Sept. 25, 1998, at Knoxville), *perm. to app. denied* (Tenn.), *cert. denied*, 528 U.S. 857 (1999).

On September 12, 2002, Petitioner Hedges filed a petition for writ of *error coram nobis* in which he again claimed a due process violation due to the state's failure to disclose a plea agreement with witness Janie Riddle. *See* Gregory A. Hedges v. State, No. E2002-02610-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 898, at *3 (Tenn. Crim. App. Oct. 24, 2003, at Knoxville). On September 26, 2002, the trial court dismissed the petition upon finding the statute of limitations had expired and the alleged grounds for relief had been determined in prior proceedings. *Id.* In affirming the dismissal, this court held the issue had been determined in prior proceedings; the alleged constitutional violation was inappropriate for *coram nobis* relief; and the facts did not justify tolling the statute of limitations. *Id.* at **6-7.

## II. LIMITATION ON POST-CONVICTION PETITIONS

The petitioners contend the post-conviction court erred in summarily dismissing their petition for post-conviction relief filed on November 12, 2002, as barred by the statute of limitations. The petitioners maintain they were unaware of the existence of Riddle's plea agreement until January 1996 after their original post-conviction relief petitions had been adjudicated. Thus, they argue strict application of the limitations period would deny them a reasonable opportunity to present their claims and violate due process. We disagree.

Following the direct appeal of their convictions, each petitioner filed a post-conviction relief petition, which was resolved on the merits. The Post-Conviction Procedure Act contemplates the filing of only one post-conviction relief petition and provides for the summary dismissal of a subsequent petition if a petition has previously been filed and resolved on the merits. Tenn. Code Ann. § 40-30-102(c) (2003). Accordingly, the statute bars the filing of this second petition for post-conviction relief. The summary dismissal by the post-conviction court was proper.

## III. MOTION TO REOPEN

Even if the post-conviction court treated the present petition as a motion to reopen the original post-conviction proceedings, *see* Tenn. Code Ann. § 40-30-117 (2003), relief is unavailable. In 1997, the petitioners filed motions to reopen the post-conviction proceedings listing the same allegations upon which the subject petition is based. On appeal, this court held the alleged suppression of exculpatory evidence is not a proper basis to reopen the original petitions. Timothy Bickers, Thomas Carter, and Gregory Hedges, 1998 Tenn. Crim. App. LEXIS 998, at **6-7. Permission to appeal was denied by the Tennessee Supreme Court. Because a motion to reopen is the only post-conviction avenue of relief available to the petitioners, the "law of the case" doctrine, if applicable, would bar relitigation of this issue.

The "law of the case" refers to a doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. State v. Jefferson, 31 S.W.3d 558, 560 (Tenn. 2000). Under the law of the case doctrine, an appellate court's decision on an issue is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. *Id.* at 560-61.

> There are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

Memphis Pub. Co. v. Tennessee Petroleum, 975 S.W.2d 303, 306 (Tenn. 1998).

The petitioners contend our state supreme court's opinion in Sample v. State, 82 S.W.3d 267 (Tenn. 2002), filed August 2, 2002, was new authority and justified their filing the instant

petition on November 12, 2002. <u>Sample</u> rejected a per se rule requiring the dismissal of all late-arising claims of suppression of exculpatory evidence and held, under the facts and circumstances of the case, the petitioner's interest in raising the issue outweighed the state's interest in finality. *Id.* at 276. However, <u>Sample</u> did not address a motion to reopen. <u>Sample</u> was decided under the prior Post-Conviction Procedures Act, *see* Tenn. Code Ann. §§ 40-30-101—124 (1990), not the present Act, *see id.* §§ 40-30-101—122 (2003). <u>Sample</u>, 82 S.W.3d at 271 n.6. Although Sample had filed prior post-conviction petitions, there was no limitation on the number of post-conviction petitions one could file under the old Act even though grounds "waived or previously determined" were not to be considered. Tenn. Code Ann. §§ 40-30-111, 112 (1990); *see generally*, <u>House v. State</u>, 911 S.W.2d 705, 710 (Tenn. 1995). On the other hand, there is a limitation under the current Act. *See* Tenn. Code Ann. § 40-30-102(c) (2003). Furthermore, our state supreme court has recently held that under our current Act "[a] claim that the State suppressed or failed to disclose exculpatory evidence in violation of <u>Brady</u> simply is not one of the statutory grounds for reopening a post-conviction proceeding." <u>Harris v. State</u>, 102 S.W.3d 587, 590 (Tenn. 2003). Thus, this court's ruling in 1998 that this is an unauthorized basis to reopen prior proceedings is consistent with <u>Harris</u> and is the law of the case.

## IV. MOTION TO RECUSE

The petitioners contend the post-conviction judge erred in denying their motion for recusal. They maintain the judge presided over witness Riddle's plea hearing and, thus, has personal knowledge of disputed facts. Based upon the record before us, we conclude the lower court did not abuse its discretion in denying the motion. *See* <u>State v. Boggs</u>, 932 S.W.2d 467, 472 (Tenn. Crim. App. 1996) (noting the matter of recusal is within the discretion of the trial court and will only be reversed on appeal upon a showing of a clear abuse of that discretion).

The petitioners further submit "the interests of justice" require the disqualification of the district attorney general's office from participating in proceedings upon remand. This issue is moot.

## CONCLUSION

In summary, we conclude the petitioners' second petition for post-conviction relief is barred by Tennessee Code Annotated section 40-30-102(c). Furthermore, even if it were considered a motion to reopen the prior proceedings, the law of the case doctrine bars any further consideration of the allegations. Accordingly, we affirm the post-conviction court's dismissal of the petitioners' post-conviction relief petition.

_____
JOE G. RILEY, JUDGE