IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## MARIO MORRIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-01051     James C. Beasley, Jr., Judge**

---

**No. W2008-00586-CCA-R3-CD  - Filed March 30, 2009**

---

The defendant was convicted of four counts of aggravated robbery, which were merged into two counts, and one count of especially aggravated kidnapping. He was sentenced to ten years for each of the aggravated robbery convictions and twenty years for the especially aggravated kidnapping conviction, with all sentences to run consecutively. On appeal, this court found that the evidence was sufficient to sustain the convictions and that the record supported that the sentences be served consecutively. However, the matter was remanded to the trial court for the defendant to be sentenced under the pre-2005 amendments to the 1989 Sentencing Act. Subsequently, the defendant was resentenced to eight years for each of the aggravated robbery convictions and twenty years for the especially aggravated kidnapping, with all sentences to be served consecutively. He again appealed, arguing that the evidence was insufficient to support the convictions and that the court erred in sentencing. The State asks that this matter be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals, and, following our review, we affirm the judgments of the trial court pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

R. Price Harris, Memphis, Tennessee, for the appellant, Mario Morris.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stacey McEndree, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This court, in State v. Mario Morris, No. W2006-02345-CCA-R3-CD, 2007 WL 4245720 (Tenn. Crim. App. Dec. 3, 2007), outlined in detail the testimony presented at the defendant's trial and concluded that the evidence was sufficient to support his convictions:

Both victims testified that they viewed the men, including the defendant, at close proximity in well-lit areas. The defendant's face was not masked, and each victim was therefore able to get a good look at his features. Both victims chose the defendant's photograph out of a six-person photographic spreadsheet, and both identified him at the preliminary hearing. Finally, both victims positively and unequivocally identified the defendant at trial as one of the participants in the crimes. "The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made." State v. Radley, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999).

Although the victims' accounts varied in some instances, particularly with respect to the number of men involved, they were remarkably similar in other details. Moreover, the credibility of witnesses, the weight to be afforded their testimony, and the reconciliation of conflicts in the evidence are matters entrusted to the jury as the trier of fact. State v. Anderson, 880 S.W.2d 720, 726 (Tenn. Crim. App. 1994) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). It was well within the province of the jury to accredit the testimony of Wilkins and Cooper identifying the defendant as a perpetrator of the crimes. In sum, we conclude that the evidence was sufficient to sustain the defendant's convictions.

Id. at *6-7.

"[W]hen an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand. There are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal."

State v. Jefferson, 31 S.W.3d 558, 560-61 (Tenn. 2000) (quoting Memphis Publg. Co. v. Tennessee Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998)).

This court established the law of the case on the issue of consecutive sentencing in the defendant's first direct appeal. None of the three exceptions which may justify reconsideration is present here. The defendant is not entitled to relief on this issue.

Additionally, the defendant argues that he was entitled to a new sentencing hearing rather than the imposition of new sentences. However, in its remand, this court required that the defendant

be sentenced in accord with the pre-2005 amendments to the 1989 Sentencing Act, not that there be an entirely new sentencing hearing:

> We note that the trial court apparently sentenced the defendant, who committed the crimes in 2002, under the 2005 amendments to the 1989 Sentencing Act. A defendant who is sentenced after June 7, 2005, for a crime committed on or after June 1, 1982, may elect to be sentenced under the 2005 amendments by executing a waiver of his *ex post facto* protections. See Tenn. Code Ann. § 40-35-210(c), Compiler's Notes. The record in this case, however, contains no waiver of the defendant's *ex post facto* protections. We must, therefore, remand to the trial court for resentencing. On remand, the trial court should either appropriately resentence the defendant under the old law or ensure that the defendant executes a waiver of his *ex post facto* protections in order to be sentenced under the 2005 amendments to the Sentencing Act.

Mario Morris, 2007 WL 4245720, at *9.

We note that, although the defendant claims he was entitled to an entirely new sentencing hearing, he has not suggested what proof he would have presented at such a hearing.

The defendant argues on appeal that the trial court erred in the sentencing phase, namely that he should not have been labeled as a "dangerous offender" or as a "professional criminal." However, in its previous opinion, this court concluded that "the trial court did not err in its imposition of consecutive sentencing." Id.

The defendant argues that "[i]t was incumbent upon the trial court to ascertain the appropriate" amendment to the sentencing acts pursuant to which he was being sentenced. He asserts that "the court refused to state if it would use the 2005 amendments, 2002 amendments, or the 2000 amendments." Neither at the trial level nor on appeal has the defendant asserted which of these amendments he believes the trial court should have utilized or how any would have affected the sentencing options. Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court. Tenn. Ct. Crim. App. R. 10(b). Accordingly, this claim is waived.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE