# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 9, 2012

## MATTHEW JACKSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County**
**No. 906-2000     Dee David Gay, Judge**

**No. M2012-01063-CCA-R3-CO - Filed December 26, 2012**

The petitioner, Matthew Jackson, was convicted of four counts of aggravated robbery pursuant to a plea agreement and was sentenced to an effective ten years of incarceration. The petitioner filed a prior application for the writ of error coram nobis, the denial of which was affirmed on appeal. The petitioner brings this subsequent petition for the writ of error coram nobis, asserting various grounds for relief. The trial court denied the writ, noting that the claim was time-barred and that the petitioner failed to allege facts which would negate the knowing and voluntary nature of his pleas. After a review of the record, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Matthew Jackson, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; Lawrence Ray Whitley, District Attorney General; and Ronald Blanton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was arrested after the robbery of a Springfield, Tennessee video store and the rape of a store employee; he was subsequently charged with involvement in similar robberies in other Tennessee counties and in Kentucky. *State v. Jackson*, No. M2005-01374-CCA-R3-CD, 2006 WL 1896350, at *1 (Tenn. Crim. App. July 7, 2006). In the instant case, on August 10, 2001, the petitioner entered guilty pleas to two counts and

best interest guilty pleas to two additional counts[1] of aggravated robbery in connection with the robbery of video stores in Sumner County. He was sentenced to concurrent sentences of ten years for each count, for an effective ten-year sentence.

For approximately the past decade, the petitioner has been engaged in attempting to relitigate his various convictions, including the guilty pleas at issue here. The petitioner first challenged his Sumner County convictions in March 2003, moving for a modification of the judgments; the trial court denied the motion and the petitioner did not file a timely notice of appeal. *Jackson v. State*, No. M2009-02000-CCA-R3-PC, 2010 WL 1741364, at *1 (Tenn. Crim. App. Apr. 29, 2010). In June 2003, the petitioner again sought relief from judgments, alleging ineffective assistance of counsel; the trial court denied the motion, finding that, if treated as a petition for post-conviction relief, the filing was time-barred. *Id.* The trial court denied a motion to reconsider, and this court affirmed the denial, finding that the convictions had "long ago" become final, that there was no basis for habeas corpus relief, and that post-conviction relief was barred by the limitations period. *Jackson v. State*, No. M2003-02057-CCA-R3-CO, 2004 WL 2266800, at *1 (Tenn. Crim. App. Oct. 7, 2004). The petitioner again filed a document requesting relief from his convictions in March 2005, and the trial court again treated it as a petition for post-conviction relief which was barred by the statute of limitations. *Jackson v. State*, No. M2009-02000-CCA-R3-PC, 2010 WL 1741364, at *1-2 (Tenn. Crim. App. Apr. 29, 2010). On August 7, 2009, the petitioner filed another "Petition for Relief," which was based on a claim that the proper unit for prosecution of aggravated robbery is the number of thefts rather than the number of victims. *See State v. Franklin*, 130 S.W.3d 789, 798 (Tenn. Crim. App. 2003). This court affirmed the denial of the petition, concluding that the petition was time-barred as a petition for post-conviction relief, that no statutory exception applied because *Franklin* did not apply retroactively, and that there was no basis for tolling the limitations period. *Jackson v. State*, No. M2009-02000-CCA-R3-PC, 2010 WL 1741364, at *3-4 (Tenn. Crim. App. Apr. 29, 2010).

The petitioner next filed a petition for the writ of error coram nobis in November 2010, alleging that he had newly discovered evidence relating to finger and palm prints taken from one of the stores where the Sumner County robberies had occurred. *Jackson v. State*, No. M2010-02497-CCA-OT-CO, 2011 WL 2713625, at *1 (Tenn. Crim. App. July 13, 2011). The petitioner alleged that although the Tennessee Bureau of Investigation (the "TBI") determined in September 2000 that the prints did not belong to the petitioner, he and

---

[1]Although the opinion in the petitioner's most recent challenge to his convictions states that he was only convicted of two counts of aggravated robbery, *Jackson v. State*, No. M2010-02497-CCA-OT-CO, at *1 (Tenn. Crim. App. July 13, 2011), the petitioner avers, and prior opinions denying post-conviction and habeas corpus relief confirm, that there were four convictions, *e.g.*, *Jackson v. State*, No. M2003-02057-CCA-R3-CO, 2004 WL 2266800, at *1 (Tenn. Crim. App. Oct. 7, 2004).

his trial counsel were not aware of this fact prior to the guilty plea.[2]  *Id.*  However, the State's discovery responses, filed six months prior to the guilty plea, referenced the TBI report.  *Id.*  This court affirmed the dismissal of the petition without a hearing, concluding that (1) the petition was barred by the statute of limitations; (2) there was no due process basis for tolling the statute of limitations; (3) the petition did not show any basis for relief because it did not allege that the "newly discovered" evidence would establish that the petitioner's pleas were not knowing and voluntary, *see Newsome v. State*, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998); and (4) the petitioner could not show that he could not have obtained the evidence through the exercise of reasonable diligence, and the evidence was therefore not "newly discovered evidence." *Jackson v. State*, No. M2010-02497-CCA-OT-CO, 2011 WL 2713625, at *4-5 (Tenn. Crim. App. July 13, 2011).

The petitioner filed a second petition for a writ of error coram nobis on April 4, 2012, alleging that the Tennessee Supreme Court's decision in *Wlodarz v. State*, 361 S.W.3d 490 (Tenn. 2012) created a means for him to challenge the knowing and voluntary nature of his pleas.  The petition alleged that his pleas were not knowing and voluntary because he received the ineffective assistance of counsel; because the trial court did not follow the procedures set out in Tennessee Rule of Criminal Procedure 11 and *State v. Mackey*, 553 S.W.2d 337, 341 (Tenn. 1977), *superseded by rule as stated in State v. Wilson*, 31 S.W.3d 189, 193 (Tenn. 2000); and based on the alleged double jeopardy violation.  The petitioner attached an appellate brief from his prior petition for the writ of error coram nobis, which focused on the allegedly newly discovered evidence regarding the TBI report.  The trial court denied the petition on April 23, 2012, prior to any responsive filings by the State.  The trial court concluded that the petition was time-barred, that there was no basis for tolling the statute of limitations, and that the petitioner had in any case failed to establish that his pleas were not knowing or voluntary.  The court also attached its opinion denying the petitioner's first application for coram nobis relief.  On appeal, the petitioner claims that his pleas were not knowing and voluntary because his counsel failed to advise him of a potential double jeopardy violation and failed to investigate the TBI report.

**Analysis**

A petitioner may challenge his conviction through a petition for a writ of error coram nobis, an "extraordinary remedy known more for its denial than its approval." *State v. Mixon*, 983 S.W.2d 661, 666 (Tenn.1999).  "[T]he writ is an exceedingly narrow remedy

---

[2]In his Reply Brief, the petitioner appears to argue that the TBI report referred to prints recovered by the Gallatin Police Department.  He alleges that the Hendersonville Police Department also recovered prints but did not submit them to the TBI and that these untested prints constitute "newly discovered" evidence.

appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the court." *Newsome*, 995 S.W.2d at 133. The denial of a petition for a writ of error coram nobis rests within the sound discretion of the trial court and is reviewed for an abuse of that discretion. *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). The trial court abuses its discretion when it applies an incorrect legal standard, when its decision is illogical or unreasonable, when its decision is based on a clearly erroneous assessment of the evidence, or when it utilizes reasoning that results in an injustice to the complaining party. *Wilson v. State*, 367 S.W.3d 229, 235 (Tenn. 2012).

Tennessee Code Annotated section 40-26-105(b) delineates the relief available to a petitioner through the writ of error coram nobis:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or, in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

The petition must establish (1) the grounds and nature of the newly discovered evidence; (2) the reasons that the newly discovered evidence may have resulted in a different judgment; (3) absence of fault on the petitioner's part in failing to present the evidence at the appropriate time; and (4) the relief sought by the petitioner. *Newsome*, 995 S.W.2d at 133. The petition should be supported by affidavits. *State v. Hart*, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). If the trial court determines that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the judge must then determine whether the new evidence may have led to a different result. *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). In the context of a guilty plea, the newly discovered evidence must show that the petitioner's plea was not voluntarily or knowingly entered. *Newsome*, 995 S.W.2d at 134.

Recently, the Tennessee Supreme Court affirmed the availability of relief through a writ of error coram nobis for prisoners who entered guilty pleas, concluding that the plea proceeding constitutes a trial for the purposes of the statute. *Wlodarz*, 361 S.W.3d at 503-04.

-4-

The Court emphasized that the evidence must be both "newly discovered" and not "merely cumulative to other evidence in the record." *Id.* at 506. Newly discovered evidence is evidence that was unknown to the defendant at the time of the proceedings. *Id.* The Court reiterated that relief is available only if (1) the trial court determines that the new evidence is reliable; (2) the defendant was reasonably diligent in discovering the new evidence, or was surprised by the false testimony, or was unable to know the falsity of the testimony until after the trial; and (3) the jury might have reached a different conclusion had the truth been told. *Id.* at 499.

The writ is governed by the one-year statute of limitations in Tennessee Code Annotated section 27-7-103. This limitations period expires one year after the judgment of the trial court becomes final – thirty days after its entry in the absence of post-trial motions – and may run concurrently with the petitioner's direct appeal. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). The statute governing the writ of coram nobis notes that criminal relief is "to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith." T.C.A. § 40-26-105. The application of the statute of limitations thus relies on adherence to Tennessee Rule of Civil Procedure 8.03, requiring a limitations period to be pled as an affirmative defense. *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995); *Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012); *but see Harris v. State*, 301 S.W.3d 141, 153 n.17 (Tenn. 2010) (Koch, J. and Clark, J., concurring) (concluding that the Tennessee Rules of Civil Procedure do not apply to coram nobis actions). The State therefore bears the burden of raising the statute of limitations, although the defense is not considered waived when the opposing party is given fair notice and an opportunity to respond. *Wilson*, 367 S.W.3d at 234.

The limitations period is, however, subject to tolling based on due process, which requires an opportunity to present claims at a meaningful time and in a meaningful manner. *Wilson*, 367 S.W.3d at 234; *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). In order to establish that due process requires tolling the statute of limitations the court must:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands* at 301.

Although the trial court cited the passing of the limitations period as a reason to dismiss the petition, we note that an affirmative defense related to the statute of limitations was not presented to the trial court, which rendered its decision nineteen days after the petition was filed and before the State had an opportunity to respond. Nevertheless, insofar as the petitioner's application for the writ is based on the fingerprint evidence which was the basis for his prior coram nobis petition, the trial court properly found that it must be dismissed due to, among other reasons, a failure to file within the statutory period.

A court generally may not reconsider issues that have been decided in a prior appeal of the same case. *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000). Issues actually decided or decided by implication are the law of the case and cannot be relitigated. *Id.* at 561. Here, the petitioner's claim regarding the "newly discovered" fingerprint evidence was previously dismissed on several grounds, including that it was barred by the limitations period, that it did not render his pleas involuntary, and that the evidence was not newly discovered because the petitioner had failed to exercise reasonable diligence. *Jackson v. State*, No. M2010-02497-CCA-OT-CO, 2011 WL 2713625, at *4-5 (Tenn. Crim. App. July 13, 2011). Such is the law of the case, and the petitioner cannot seek to relitigate these determinations.

The petition appears to be based on the incorrect supposition that *Wlodarz* provides a vehicle to attack the knowing and voluntary nature of a plea and dispenses with the statutory requirements for the issuance of a writ of error coram nobis; in fact, *Wlodarz* merely confirmed that the trial court's acceptance of a guilty plea is a "trial" within the meaning of the statute. *Wlodarz*, 361 S.W.3d at 503-04. Even if the concurrence in *Wlodarz* is correct in suggesting that the majority opinion would allow the petitioner to challenge the guilty plea on grounds other than voluntariness, *id.* at 511 n.11 (Koch, J., concurring), which the majority opinion denies, *id.* at 501 n.15, this court has previously determined that the petitioner could not show reasonable diligence and that the TBI report is not "newly discovered" evidence, barring *any* coram nobis relief. *Jackson v. State*, No. M2010-02497-CCA-OT-CO, 2011 WL 2713625, at *5 (Tenn. Crim. App. July 13, 2011).

Insofar as the petitioner alleges a double jeopardy violation, this claim is not cognizable in a petition for a writ of error coram nobis, as it alleges no newly discovered evidence and could have been litigated at trial and on appeal. *See Hale v. State*, No. M2011-01992-CCA-R3-CO, 2012 WL 1895951, at *5 (Tenn. Crim. App. May 23, 2012) (concluding double jeopardy claim was inappropriate for coram nobis petition). We further note that this claim was previously litigated in the petitioner's post-conviction action. *Jackson v. State*, No. M2009-02000-CCA-R3-PC, 2010 WL 1741364, at *2 (Tenn. Crim. App. Apr. 29, 2010). The petitioner's claims of a *Mackey* violation and ineffective assistance of counsel likewise do not allege any newly discovered evidence and cannot provide the basis of coram nobis

relief.

As pertinent in the petitioner's case, the writ of error coram nobis is "not a 'catch-all' remedy that enables convicted persons to 'litigate and relitigate the propriety of their convictions *ad infinitum*.'" *Harris v. State*, 301 S.W.3d 141, 148 (Tenn. 2010) (Koch, J. and Clark, J., concurring) (quoting *People v. Hyung Joon Kim*, 202 P.3d 436, 447 (Cal. 2009)). The petitioner's claims have either been previously litigated and found to be without merit or fail to allege the statutory grounds necessary for coram nobis relief, and we conclude his claims were properly denied.

## CONCLUSION

Based on the foregoing reasoning, we affirm the judgment of the trial court denying the petition for writ of error coram nobis.

_____
JOHN EVERETT WILLIAMS, JUDGE