# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 2000 Session

## STATE OF TENNESSEE v. JAMES THOMAS JEFFERSON

**Appeal from the Circuit Court for Davidson County**
**No. 92-C-1372     Walter C. Kurtz, Judge**

---

**No.  M1997-00115-SC-R11-PC - Filed August 25, 2000**

---

This case is before us upon a jury's resentencing of the defendant, James Thomas Jefferson, on his conviction for premeditated first degree murder.  In the original appeal, the Court of Criminal Appeals affirmed the conviction, vacated the sentence, and remanded the matter to the trial court for resentencing.  On remand, the defendant requested a new jury trial on the merits in addition to the already-ordered resentencing.  The trial court denied the request for a new trial.  After a new hearing, the jury fixed a sentence of life imprisonment.  The defendant appealed of right, challenging the trial court's overruling of his motion for a new trial on the merits.  Relying on the "law of the case" doctrine, the Court of Criminal Appeals affirmed the trial court's judgment.  We granted the defendant's application for permission to appeal and now hold that the Court of Criminal Appeals properly determined that the law of the case doctrine barred the trial court from granting Jefferson's motion for a new trial.  The Court of Appeals is, therefore, affirmed.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., FRANK F. DROWOTA, III, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Jeffrey A. DeVasher, Nashville, Tennessee for the appellant, James Thomas Jefferson.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Kathy Morante, Deputy Attorney General, Victor S. Johnson, III, District Attorney, and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case is before the Court upon the jury's resentencing of the defendant to life imprisonment for first degree premeditated murder. The defendant contends that the trial court erred in overruling his motion for a new trial on guilt or innocence before considering resentencing. For the reasons stated below, we conclude that the trial court did not err in overruling the defendant's motion.

We begin with a summary of the proceedings. The homicide that led to this prosecution occurred June 15, 1968, in Nashville. The defendant was first tried in 1969; this ended in a mistrial. In the second trial, held in January 1971, the defendant was convicted of first degree murder and was sentenced to ninety-nine years in the penitentiary. After lengthy post-trial litigation in both the state and federal courts, the United States District Court for the Middle District of Tennessee granted habeas corpus relief and vacated the conviction. The defendant was subsequently re-indicted on July 24, 1992.

Trial began in August 1993, and at the conclusion of the State's proof, the trial court dismissed the felony murder (robbery) count on the ground that it was duplicitous of the felony murder (larceny) count. At the appropriate point, the trial court instructed the jury, stating the elements for each of the four first degree murder counts (three felony murder counts and one premeditated murder count). Additionally, the trial court instructed the jury on the lesser-included offense of second degree murder. The trial court informed the jury that if it found the defendant guilty of first degree murder, sentencing was to be accomplished "by setting his sentence at life or a specific term of years of from twenty years to life." The jury returned a verdict finding the defendant guilty of premeditated first degree murder and sentenced him to forty years imprisonment.

Because the sentencing statute had been declared unconstitutional, the only legal sentence on a conviction for first degree murder was life imprisonment. Miller v. State, 584 S.W.2d 758, 765 (Tenn. 1979). Accordingly, on August 20, 1993, the day following the trial, the State moved to correct the judgment. In its motion, the State contended that the only sentence possible for first degree murder was a life sentence, so that the forty-year sentence imposed by the jury was, therefore, invalid. The State asked the trial court to correct the judgment by entering a sentence of life imprisonment. In response, the defendant moved for an order compelling the State to submit a sentencing judgment form reciting the forty-year sentence imposed by the jury. The trial court granted the State's motion and modified the sentence by imposing a term of life imprisonment.

The defendant appealed the conviction and sentence. The Court of Criminal Appeals rejected the challenges to the conviction but found the original sentence of forty years to be illegal and therefore void. It recognized that once a jury is discharged its verdict cannot be amended or corrected by the trial court as to the grade of the offense or the sentence imposed. The Court of Criminal Appeals concluded that the trial court did not have the authority to change the jury's verdict from forty years to life imprisonment.

The Court of Criminal Appeals's opinion specifically held as follows:

> Since the jury found the appellant guilty of premeditated murder and the evidence contained in the record supports the verdict, the verdict of the jury finding the appellant guilty of premeditated murder is affirmed. However, this case must be remanded to the trial court for a new sentencing hearing.

State v. Jefferson, 938 S.W.2d 1, 3-5 (Tenn. Crim. App. 1996). The defendant's application for permission to appeal to this Court was denied.

On remand to the trial court, the defendant filed a motion to impanel a jury for the purpose of determining his guilt or innocence. Following a hearing, the trial court denied this motion. On July 14, 1997, a jury was impaneled for the sentencing hearing. The jury sentenced the defendant to life imprisonment.

On appeal from this sentencing hearing, the Court of Criminal Appeals affirmed the trial court's denial of a jury trial as to the defendant's guilt or innocence. Relying upon the "law of the case" doctrine, the Court of Criminal Appeals held that the trial court was bound by the intermediate court's previous decision affirming the conviction and remanding the case solely for resentencing.

In Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd., 975 S.W.2d 303 (Tenn. 1998), we addressed the "law of the case" doctrine. The following principles quoted from Memphis Publ'g Co. govern the outcome in the pending case:

> The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

> The law of the case doctrine is not a constitutional mandate nor a limitation on the power of a court. Rather, it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts.

Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand. There are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal: (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

Memphis Publ'g Co., 975 S.W.2d at 306 (internal citations omitted).

Jefferson's case falls under neither the first nor the third exception to the law of the case doctrine. The only possible exception in which Jefferson's case could fall is the second exception; that is, whether "the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand." Id. (emphasis added). This exception requires a two part showing. First, a defendant must show that the prior decision was clearly erroneous. If the defendant succeeds, he or she must then prove that the clearly erroneous decision "would result in a manifest injustice if allowed to stand." Thus, to prevail under this exception Jefferson must show that the Court of Criminal Appeals's ruling was both clearly erroneous and would lead to manifest injustice. We must first decide, therefore, if the Court of Criminal Appeals's decision was "clearly erroneous." In answering this question we turn to the precedent of this Court. We find the issue resolved by our decision in State v. Cook, 816 S.W.2d 322 (Tenn. 1991).

In Cook, the trial court, pursuant to Tenn. Code Ann. § 40-35-201(b), now repealed, instructed the jury as to the defendant's possible sentences as a Range I offender when the court should have instructed the jury as to the defendant's possible sentences as a Range II offender. We held that such an error was prejudicial, and we remanded the cause to the trial court for a new trial.

In this case, the trial court erroneously instructed the jury under a statute already found to be unconstitutional. Such a situation is analogous to Cook. Indeed, the Court of Criminal Appeals should have relied on Cook and remanded the case for a new trial. We find, therefore, that the Court of Criminal Appeals's decision was clearly erroneous because the court failed to follow the precedent of this Court.

Having determined that the Court of Criminal Appeals's decision was clearly erroneous, we must next determine if the decision would result in manifest injustice if allowed to stand. Although Jefferson does not specifically address this issue, he contends that if the jury had been given the proper instruction as to the sentence for first degree murder, it is possible that the jury would have convicted him of the lesser included offense of second degree murder.

-4-

We find Jefferson's contention without merit, for at no time during the 1993 trial did Jefferson suggest to the jury that the killing could have constituted second degree murder. The trial judge, nonetheless, instructed the jury as to the elements of second degree murder, and we conclude that the jury had, indeed, the opportunity to convict Jefferson of second degree murder.

Moreover, after reviewing the record, we find that the evidence adduced at trial overwhelmingly supports Jefferson's conviction for first degree murder. Indeed, in the long history of this case, Jefferson has been twice convicted by a jury for first degree murder.[1] Accordingly, we find that no rational jury could have found Jefferson guilty of second degree murder.

For these reasons, we find that the Court of Criminal Appeals's decision did not result in manifest injustice. This case, therefore, does not fall under the second exception to the law of the case doctrine, and the Court of Criminal Appeals properly affirmed the trial court's denial of Jefferson's motion for a new trial.

For the reasons articulated above, the Court of Criminal Appeals properly affirmed the trial court's denial of Jefferson's motion for a new trial. The Court of Criminal Appeals is, therefore, affirmed.

The costs of this appeal are taxed to the defendant, James Thomas Jefferson, for which execution may issue.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[1]As previously noted, Jefferson was tried and convicted of first degree murder in 1971. His conviction was subsequently vacated by the United States District Court for the Middle District of Tennessee.