# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 26, 2010 Session

## STATE OF TENNESSEE v. SCOTT CLEVENGER

**Appeal from the Circuit Court for Grainger County**
**No. 8415 IV & 4190   O. Duane Slone, Judge**

---

**No.  E2010-00077-CCA-R3-CD - Filed May 2, 2011**

---

The Grainger County Grand Jury indicted Appellant, Scott Clevenger, for one count of aggravated sexual battery, one count of rape of a child, and two counts of incest.  The trial court sentenced Appellant to an effective sentence of fifty years.  On appeal, Appellant argued that he was denied his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).  *State v. Scott G. Clevenger*, No. E2007-298-CCA-R3-CD, 2008 WL 588862, at *1 (Tenn. Crim. App., at Knoxville, Mar. 5, 2008).  Appellant was unsuccessful on appeal because he had failed to file a motion for new trial and because this Court determined that he was advised of his rights under Miranda and, therefore, a clear and unequivocal rule of law had not been breached in order to allow plain error review.  *Id.* at *4.  After being granted a delayed appeal, Appellant once again raises the issue that he was denied his rights under *Miranda*.  However, this issue was previously determined in this Court's review under the plain error doctrine.  Therefore, the law of the case doctrine prevails and we are unable to revisit the issue.  For this reason, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Pepper Bowser, Rutledge, Tennessee, for the appellant, Scott Clevenger.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Tonya Thornton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Appellant's step-daughter and daughter reported to the Grainger County Sheriff's Department that Appellant had been sexually abusing them. *Scott G. Clevenger*, 2008 WL 588862, at *1. Officer Ronnie Maness interviewed Appellant about the accusations. *Id.* During the interview, Appellant gave four written statements confessing to the allegations. *Id.* After an investigation, the Grainger County Grand Jury indicted Appellant for one count of aggravated sexual battery, one count of rape of a child, and two counts of incest. *Id.*

Appellant filed a motion to suppress his statements claiming that he was not advised of his *Miranda* rights. *Id.* After a hearing, the trial court denied Appellant's motion to suppress "finding that the Appellant had knowingly and voluntarily waived his constitutional rights as provided by *Miranda*." *Id.* at *2. At the conclusion of a jury trial, Appellant was convicted as charged and sentenced to an effective sentence of fifty years. *Id.*

On appeal, Appellant argued that the trial court erred in denying his motion to suppress the statements. *Id.* at *3. After a review of the record, this Court discovered that Appellant had not filed a motion for new trial. *Id.* Therefore, this Court concluded that the issue was waived. We went on, however, to review the issue under the plain error doctrine. *Id.* *4. This Court determined that because the record reflected Appelland had been advised of his *Miranda* rights, a clear and unequivocal rule of law had not been breached and, therefore, the issue could not be reviewed under the plain error doctrine. The Court dismissed the appeal. *Id.*

On October 16, 2008, Appellant filed a pro se Petition for Post-conviction Relief. After the appointment of counsel, counsel filed an amendment to the petition alleging that Appellant's statements should have been suppressed. On June 18, 2009, the State filed an answer to the petition stating that Appellant was entitled to file a motion for new trial. On July 14, 2009, Appellant filed a motion for new trial alleging, once again, that his statements should have been suppressed. On December 7, 2009, the trial court denied the motion for new trial. In the same order, the trial court granted Appellant a delayed appeal. Appellant filed a timely notice of appeal.

**ANALYSIS**

Appellant's sole issue on appeal is that the trial court erred when it denied Appellant's motion to suppress. He argues that there is no evidence that his *Miranda* rights were either read or explained to him. As stated above, this is the same issue presented in his previous

appeal. *See Scott G. Clevenger*, 2008 WL 588862, at *1. In the previous appeal, this Court analyzed whether the trial court's denial of Appellant's motion to suppress constituted plain error. We determined that there was no plain error because an unequivocal rule of law had not been breached and stated the following:

> The trial court, accrediting the testimony of Officer Maness, found that the Appellant had knowingly and voluntarily waived his *Miranda* rights. This finding is supported by the record, which includes four signed waivers of rights by the Appellant. All the evidence before the court supports the trial court's finding that the Appellant knowingly, intelligently, and voluntarily waived his rights; thus, no clear rule of law has been breached.

*Id.* at *4.

It appears that this Court has already determined the issue on appeal, whether Appellant was advised of his rights under *Miranda*. Under the "law of the case" doctrine, issues which have been previously determined on appeal cannot be reconsidered. *Memphis Publ'g. Co. v. Tennessee Petroleum*, 975 S.W.2d 303, 306 (Tenn. 1998). "This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts. *Jefferson v. State*, 31 S.W.3d 558, 561 (Tenn. 2000).

We affirm the denial of the motion to suppress.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE