# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 8, 2013

## STATE OF TENNESSEE v. CHARLES BRADFORD STEWART

**Appeal from the Circuit Court for Montgomery County**
**No. 40700425      John H. Gasaway, Judge**

---

**No. M2013-00488-CCA-R3-CD - Filed November 18, 2013**

---

The defendant, Charles Bradford Stewart, appeals from his Montgomery County Circuit Court jury conviction of vehicular assault, claiming that the evidence was insufficient to support his conviction. Because the defendant's challenge to the sufficiency of the evidence is procedurally barred and because the defendant raises no other challenge to the judgment of the trial court, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Roger E. Nell, District Public Defender (on appeal), and Hugh R. Poland, Jr., Clarksville, Tennessee (at trial, on first direct appeal, and on resentencing), for the appellant, Charles Bradford Stewart.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Bradshaw, Assistant Attorney General; John W. Carney, District Attorney General; and Jason Criddle, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 18, 2010, a Montgomery County Circuit Court jury convicted the defendant of one count of vehicular assault by intoxication and one count of aggravated assault, and the trial court merged the jury verdicts into a single judgment of conviction for vehicular assault. The defendant, a career offender, received a sentence of 12 years to be served as one year of incarceration followed by placement in a community corrections program. Although it was not made a part of the appellate record, the defendant apparently

filed a pro se pleading styled "Notice of Appeal" within the time for filing a motion for new trial that asked for the specific relief of a new trial. At a September 29, 2010 hearing on that and other sundry pro se motions filed by the defendant, the defendant indicated a desire to withdraw the pleading that asked for a new trial. When asked by the trial court to explain, the defendant said,

> I was remanded down to the jail, and when I got down to the jail - - I have a series of psychological problems, and I got down in the jail - - I wasn't actually expecting to go to jail that day, but I got down to the jail, and they put me in the jail without giving me any of my medications, and I got emotionally stressed on it and wasn't thinking properly. But since that time I've realized that this motion, was no need to put in because I believe the [c]ourt gave me a fair and impartial ruling, and I believe that I should do the time that I'm doing, and accept responsibilities for the actions that I had taken, and the irresponsible driving that I did. So I want to remove that motion, sir.

The trial court observed that the defendant was "to be commended for [his] attitude" and agreed to "show [the] motion for new trial stricken at [the defendant's] request."

The State filed a timely notice of appeal from the 2010 judgment, challenging the trial court's imposition of a sentence involving community corrections placement. In that appeal, we concluded that because the defendant "was convicted of vehicular assault, which is a 'crime against the person as provided in title 39, chapter 13, parts 1-5,'" the defendant was statutorily ineligible for a community corrections sentence. *See State v. Charles Bradford Stewart*, No. M2010-01948-CCA-R3-CD, slip op. at 4-5. Consequently, we remanded the case for resentencing, stating,

> On remand, the trial court should impose a sentence in accord with the statutory guidelines and should consider all relevant available sentencing alternatives. Additionally, the trial court should sentence [the defendant] under the pre-2005 amendments to the Sentencing Reform Act in the absence of the completion of a waiver of ex post facto provisions.

*Id.*, slip op. at 5.

Upon remand, the trial court ordered, via a judgment filed on December 7,

2011, that the defendant serve the entirety of his 12-year sentence in incarceration. On December 19, 2011, the defendant filed a pro se "Notice of Appeal" that raised a variety of trial errors and included a challenge to the sufficiency of the convicting evidence. On January 4, 2012, the defendant's counsel filed a motion for new trial challenging the sufficiency of the evidence and the sentence imposed on remand and claiming a deprivation of the defendant's constitutional right to a fair trial. On that same day, the defendant's counsel moved the court to provide the now-indigent defendant with transcripts from his trial. On August 14, 2012, defense counsel informed the court that he still had not received the requested transcripts. On January 4, 2013, counsel filed an amended motion for new trial, adding to his original claims a claim that the State failed to establish that the blood samples that tested positive for the presence of cocaine belonged to the defendant. On February 11, 2013, the trial court denied the motion for new trial, and the defendant filed a pro se notice of appeal on that same day.

In this appeal, the defendant challenges the sufficiency of the convicting evidence, claiming that the mere presence of cocaine in his blood, without more, was insufficient to establish that he was intoxicated for purposes of the vehicular assault statute. The State contends that the defendant's challenge to the sufficiency of the evidence is procedurally barred by his failure to raise it in his first direct appeal. The defendant concedes that his challenge is likely barred by his failure to raise it in his first direct appeal but asks the court to consider his claim anyway.

The State initiated the first direct appeal in this case, but that did not prevent the defendant from raising the issue of the sufficiency of the evidence in his reply brief. *See* Tenn. R. App. P. 27(b) ("If appellee is also requesting relief from the judgment, the brief of the appellee shall contain the issues and arguments involved in his request for relief as well as the answer to the brief of the appellant."); *see also State v. Watkins*, 804 S.W.2d 884, 886 (Tenn. 1991) (deeming "the filing of a separate cross-appeal . . . unnecessary" to preserve an issue for appeal when the issue was "properly . . . raised in the . . . reply brief"). As the State observes, and the defendant concedes, a panel of this court has held that a defendant's failure to raise issues in a first appeal results in a waiver of those issues in a subsequent appeal. *See State v. Ronnie Henry*, No. W2009-00089-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Jackson, Sept. 28, 2009).

Although the term "waiver" may not be apt, we do believe that the defendant forfeited his challenge to the sufficiency of the evidence by failing to raise it in his first appeal. "Under the doctrine of the law of the case, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case, which must be followed upon remand." *State v. Carter*, 114 S.W.3d 895, 902 (Tenn. 2003) (citing *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000)). "The phrase 'law of the case'

refs to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case." *Memphis Publ'g Co. v. Tennessee Petrol. Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). Because the defendant failed to challenge the sufficiency of the convicting evidence in his first direct appeal, the issues to be resolved in the case were narrowed to the single issue of the propriety of the sentence. This court's opinion remanding the case for resentencing further narrowed the case to the imposition of a sentence that complied with the terms of the Sentencing Act. *See Charles Bradford Stewart*, slip op. at 5. The trial court was obliged to abide by the remand order:

> Moreover, "it is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process. There would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions."

*State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995) (quoting *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976)). A trial court may deviate from the confines of a remand order only when

> (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Memphis Publ'g Co.*, 975 S.W.2d at 306. None of these exceptions apply here. Consequently, the trial court was bound by the remand order strictly to the issue of the defendant's sentence. That the trial court actually considered the defendant's challenge to the sufficiency of the evidence and denied the defendant's motion for new trial does not change our decision. We realize that the defendant's conviction judgment was not finally settled until the entry of the February 11, 2013 order, but to allow a litigant to "backtrack" in this situation would disserve both the interests of justice and the fluent administration of the judicial system.

Because the defendant's challenge to the sufficiency of the convicting evidence is procedurally barred and because the defendant does not challenge the propriety of the sentence imposed on remand, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE