# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CHRISTOPHER JAKE REYNOLDS v STATE OF TENNESSEE

**Appeal from the Circuit Court for Giles County**
No. 11240     Jim T. Hamilton, Judge

---

### No. M2013-02658-CCA-R3-PC - Filed December 15, 2014

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner, Christopher Jake Reynolds, has appealed the Giles County Circuit Court order dismissing his third petition for post-conviction relief in which Petitioner alleged that he received ineffective assistance of counsel and that due process required the tolling of the statute of limitations. Upon a review of the record in this case, we are persuaded that the post-conviction court was correct in dismissing the petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the post conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Christopher Jake Reynolds.

Herbert H. Slatery III, Attorney General & Reporter; Sophia S. Lee, Senior Counsel; Mike Bottoms, District Attorney General; and Larry Nickell, Assistant District Attorney, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Petitioner was convicted on June 23, 2005, in Giles County of possession of .5 grams or more of cocaine with the intent to sell. He was sentenced as a Career Offender to thirty

years in incarceration on September 23, 2005. Trial counsel filed a motion for new trial on October 26, 2005. Although untimely when filed, the trial court heard and ruled on the motion. The motion for new trial was denied on August 15, 2008,[1] and no direct appeal was filed from the denial of that motion. Then,

> on January 21, 2010, nearly one-and-a-half years after the denial of the motion for new trial, [Petitioner] filed petitions in the trial court seeking a delayed appeal, post-conviction relief, and a renewed motion for new trial. [Petitioner] argued that "after his motion for new trial his attorney . . . was disbarred from practicing law in the state of Tennessee and . . . never did file an appeal on behalf of [Petitioner]." [Petitioner] claimed that the errors and inaction of trial counsel amounted to ineffective assistance of counsel.

*State v. Jake Christopher Reynolds*, No. M2010-00607-CCA-R3-CD, 2011 WL 1991943, at *1 (Tenn. Crim. App. May 23, 2011), *perm. app. denied*, (Tenn. Aug. 24, 2011). The trial court denied the petition seeking a delayed appeal, post-conviction relief and renewed motion for new trial, after finding that the court lost jurisdiction of the case thirty days after the denial of the motion for new trial. Additionally, the trial court determined that if the pleading were considered a petition for post-conviction relief, it would be barred by the statute of limitations. Petitioner appealed to this Court. *Id.*

On appeal, this Court affirmed the summary dismissal of the post-conviction claims, finding that due process did not require the tolling of the statute of limitations for filing a post-conviction petition and that Petitioner was not entitled to a delayed appeal. The opinion was filed on May 23, 2011. *Id.* The supreme court denied permission to appeal on August 24, 2011.

In October of 2011, Petitioner filed a second petition for post-conviction relief. In the petition, he alleged that due process should toll the statute of limitations. This petition was summarily dismissed on October 31, 2011. According to Petitioner, an appeal was filed on November 22, 2011.[2]

On December 2, 2011, Petitioner filed his third pro se petition for post-conviction

---

[1] The reason for the lengthy delay in ruling on the motion is unclear from the record.

[2] We can find nothing in the technical record to show that this petition came before this Court on appeal. However, it appears that there was an appeal in case number M2011-02626-CCA-R3-PC, initiated by Petitioner on December 8, 2011. This appeal was voluntarily dismissed by Petitioner on March 27, 2012.

relief, again alleging that due process should toll the statute of limitations. Counsel was appointed and an amended petition was filed.

On February 28, 2012, the post-conviction court entered a preliminary order in which the court appointed counsel. Counsel filed an amended petition on December 21, 2012. In the amended petition, Petitioner sought relief based on ineffective assistance of counsel.

The post-conviction court held a hearing on the petition on August 7, 2013. At the hearing, Petitioner testified that he was serving a thirty-year sentence based on the conviction from the jury trial in Giles County. He informed the post-conviction court that he last interacted with his trial counsel at the hearing on the motion for new trial. He received no further communication from trial counsel after that date but left the hearing with the understanding that trial counsel was going to initiate an appeal of his conviction.

Petitioner testified that he tried to determine the status of his appeal sometime around August of 2009. He learned through an article that he read that trial counsel had been disbarred. He did not receive any type of formal notice of trial counsel's disbarment and filed his first petition for relief about 90 days after learning of trial counsel's status.

On November 19, 2013, the post-conviction court entered an order denying relief which included a chronological discussion of the pleadings in the case. The post-conviction court determined that the petition for relief, whether viewed as a request for a delayed appeal or a post-conviction petition, was untimely because it was filed more than one year after the judgment became final. The post-conviction court further determined that none of the exceptions listed in Tennessee Code Annotated section 40-30-102(b) served to toll the statute of limitations. Additionally, the post-conviction court determined that due process concerns did not mandate tolling the statute of limitations as Petitioner's trial counsel was suspended from the practice of law in March of 2009 and Petitioner failed to file a motion for delayed appeal and post-conviction relief until January 21, 2010. Specifically, the post-conviction court pointed out that Petitioner offered no reason for this delay; there was no proof that trial counsel agreed to or was appointed to represent Petitioner on appeal; and there was no proof Petitioner was misled or that trial counsel misrepresented the status of the case. Petitioner appeals.

*Analysis*

On appeal, Petitioner asserts that the record preponderates against the post-conviction court's findings of fact and conclusions of law that:

(1) there was no proof that trial counsel agreed to or was appointed to

represent Petitioner post-trial; (2) that there was no proof that Petitioner was misled by trial counsel; (3) that there was no proof that would suggest that trial counsel misrepresented the status of his case to Petitioner; and (4) that there was no proof to indicate that [Petitioner] believed, during the four years following his conviction, that trial counsel intended to file a direct appeal on Petitioner's behalf.

Additionally, Petitioner argues that due process should toll the statute of limitations. The State disagrees.

The Post-Conviction Procedure Act "contemplates" only one petition for relief, and a petitioner may not file more than one petition "attacking a single judgment." T.C.A. § 40-30-102(c). If a previous petition is resolved on the merits by a court of competent jurisdiction, a "subsequent petition shall be summarily dismissed." *Id.* In limited situations, a petitioner may file a motion to reopen. *Id.* § 40-30-117(a)(1)-(3). However, additional information or new facts cannot be the ground for a second post-conviction petition.

The petition for post-conviction relief in this case was untimely. Therefore, the post-conviction court would ordinarily be without jurisdiction to hear the petition without a determination that due process should toll the statute of limitations. However, this was the third petition for relief. Despite the clear prohibition against multiple petitions for relief, Petitioner herein received a full evidentiary hearing and the benefit of counsel on his third petition. We find that the evidence does not preponderate against the judgment of the post-conviction court. Moreover, the third petition filed herein raises the issue that due process should toll the statute of limitations. This issue was addressed by this Court in Petitioner's first post-conviction appeal and we are without authority to address this issue anew. *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000). Petitioner is not entitled to relief.

Rule 20, Rules of the Court of Criminal Appeals provides, inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.

-4-

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE