# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTHONY WASHINGTON v. JAMES HOLLOWAY, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6789   Joe H. Walker, III, Judge**

---

**No.  W2014-02080-CCA-R3-HC  - Filed April 20, 2015**

---

The petitioner, Anthony Washington, appeals the Circuit Court for Lauderdale County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS,  J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Anthony Washington, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Clarence E. Lutz, Senior Counsel, for the appellee, James Holloway, Warden.

## MEMORANDUM OPINION

In 1995, the petitioner pleaded guilty to first degree felony murder, theft, four counts of aggravated robbery, and two counts of especially aggravated robbery.  He received an effective life sentence.

The petitioner since has filed multiple habeas corpus petitions, one of which alleged that his felony murder conviction was void because the word "robbery" had been handwritten on his indictment.  Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, this court affirmed the judgment of the habeas corpus court summarily dismissing the petition.

*See Anthony L. Washington v. State*, No. M2004-00982-CCA-R3-HC, 2005 WL 49606, at *1 (Tenn. Crim. App. Jan. 5, 2005).

In August 2012, the petitioner filed a petition for writ of habeas corpus, alleging that his indictment for felony murder was fatally defective because it failed to include all the essential elements of the offense charged. The habeas corpus court denied relief. On appeal, this court noted that we had previously held that the petitioner's indictment was not defective and that this court's prior decision was binding under the law of the case doctrine. *See Anthony L. Washington v. Dwight Barbee, Warden*, No. W2012-01888-CCA-R3-HC, 2013 WL 2150675, at *1 (Tenn. Crim. App. May 16, 2013). As a result, this court affirmed the habeas corpus court's denial of the petitioner's petition.

On September 23, 2014, the petitioner filed another petition for writ of habeas corpus, again alleging that his indictment for felony murder was fatally defective. On September 25, the habeas corpus court entered an order denying the petitioner's petition. On October 3, the habeas corpus court entered an order denying the petitioner's amended petition. This appeal followed.

This is the third habeas corpus petition in which the petitioner alleges that his indictment is so defective on its face that it failed to confer jurisdiction upon the trial court. This court has rejected the petitioner's claims on two other occasions. *See Anthony L. Washington*, 2013 WL 2150675, at *1; *Anthony L. Washington*, 2005 WL 49606, at *1. As we have previously noted, pursuant to the "law of the case" doctrine, "an appellate court is generally without authority to reconsider issues that have been decided in a prior appeal; 'issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited.'" *Anthony L. Washington*, 2013 WL 2150675, at *1 (quoting *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000)). The law of the case doctrine generally serves to "promote[ ] the finality and efficiency of the judicial process, avoid[ ] indefinite relitigation of the same issue, foster[ ] consistent results in the same litigation, and assure [ ] the obedience of lower courts to the decisions of appellate courts." *Jefferson*, 31 S.W.3d at 561.

While the petitioner seeks to present a new theory under which his indictment should be deemed fatally defective, his claim is the same: that his felony murder indictment was so defective on its face that it failed to confer jurisdiction on the trial court, thus rendering his conviction void. This court's prior decision on the matter is binding and disposes of the petitioner's claim for relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the

judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE