FILED

12/08/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 14, 2017 Session

## STATE OF TENNESSEE v. STEPHANO LEE WEILACKER

**Appeal from the Circuit Court for Montgomery County**
**No. 40700673        William R. Goodman, III, Judge**

_____

### No. M2016-00546-CCA-R3-CD

_____

Defendant, Stephano Lee Weilacker, was found guilty by a Montgomery County jury of especially aggravated kidnapping and aggravated robbery. He received an effective twenty-year sentence to be served consecutively to a previous sentence. In this, Defendant's third direct appeal, he argues: that the evidence was insufficient; that the trial court permitted a reversible constructive amendment to the indictment; that the trial court erred by failing to instruct the jury as provided by *White*; that the trial court erred by denying his motion to suppress evidence found in his vehicle; that the State committed prosecutorial misconduct during closing arguments, and that consecutive sentencing was improper. We find that all of Defendant's issues, except for the issues concerning the amendment to the indictment and the jury instruction, have been previously addressed by this court in Defendant's two prior appeals and cannot be reconsidered. We find that the issue concerning the indictment is waived and that the trial court was not required to instruct the jury in accordance with *White*. Therefore, Defendant's convictions are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Richard C. Strong, Nashville, Tennessee, for the appellant, Stephano Lee Weilacker.
Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Robert Nash, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

*Background*

This is Defendant's third direct appeal in this case. The facts of this case, as found by this court in Defendant's first direct appeal, *State v. Stephano L. Weilacker*, No. M2010-00497-CCA-R3CD, 2011 WL 743416, at *1-2 (Tenn. Crim. App. Mar. 3, 2011), which will be referred to as *Weilacker I*, are as follows:

> On June 30, 2006, the Triangle Kwik Stop in rural Montgomery County was staffed by Brandi Perry. Ms. Perry observed two young men come into the store. One of them was armed with a pistol. The man pointed the gun at her, then pointed the gun at Frank Lavarre, a vendor who was stocking a display at the store. The man demanded money and cigarettes. He ordered Mr. Lavarre to lie on the floor. Ms. Perry complied with the request, handing over money and cigarettes. The man then shot Mr. Lavarre in the leg.
>
> The men left the market and jumped into the back of a large white car. Ms. Sandra Lewis, who was shopping next door at the Food Lion, saw two young African-American men leave the market laughing and running. Ms. Lewis was alarmed by the situation, so she wrote down the license plate number of the car and called the police.
>
> Several days later, Appellant and David Selby were arrested while riding in Appellant's white Mercury Grand Marquis. Police Officer Scott Beaubien initiated a traffic stop of Appellant's vehicle. The weapon used in the Triangle Kwik Stop robbery was found in the car. Mr. Selby's fingerprints were found on the pistol.
>
> Appellant, Jacobi K. Allen, and David Selby were indicted by the Montgomery County Grand Jury for aggravated robbery and especially aggravated kidnapping for their involvement in the Triangle Kwik Stop robbery.
>
> At trial, Mr. Selby testified that Appellant called him on the day of the robbery and asked him to ride around with him and to go buy some fireworks. Appellant was driving his white Mercury Grand Marquis. When Mr. Selby got into the car, he stated that there were two other younger African-American males in the back seat. As the group passed the Triangle Kwik Stop market, Appellant asked the men in the back seat if they wanted to make a little money. Appellant told them what to do

and provided a pistol to the men. After the men robbed the market, the money and cigarettes were divided between Appellant and the two men. Mr. Selby admitted that his fingerprints were found on the pistol that was used in the robbery. He explained that when police initiated the traffic stop of the vehicle, Appellant handed Mr. Selby the weapon. Mr. Selby then handed the weapon back to Appellant, who placed it under the seat.

Appellant presented the videotape from the store security camera in support of his defense. The videotape showed that the armed robbery was committed by two men other than Appellant.

*Weilacker I*, at *1-2.

In *Weilacker I*, Defendant argued that the evidence was insufficient to support his convictions; that the trial court failed to properly charge the jury with lesser-included offenses; and that the trial court improperly ordered consecutive sentencing. This court determined that the trial court improperly ruled on an untimely motion for new trial. This court noted that trial counsel had filed for an extension to file the motion for new trial, but it was filed more than thirty days after the entry of the judgments. This resulted in Defendant's notice of appeal also being untimely.

Defendant's sufficiency and sentencing issues were considered on the merits. In his sufficiency argument, Defendant argued that the accomplice testimony of co-defendant David Selby was not sufficiently corroborated. This court summarized the corroborating evidence and determined that the "jury clearly determined that the evidence introduced at trial corroborated Mr. Selby's testimony and independently connected [Defendant] with the crimes." *Id*. at *5. As for sentencing, this court found that the length of Defendant's sentences of ten years for aggravated robbery and twenty years for especially aggravated kidnapping were appropriate. This court further found that the trial court correctly applied the *Wilkerson* factors and imposed consecutive sentencing. *Id*. at *6-9.

This court also considered Defendant's issue concerning jury instructions (whether the trial court failed to give all lesser-included offense instructions) under plain error review. This court found that Defendant failed to provide an adequate record for review by failing to include a copy of the jury instructions in the record on appeal. Therefore, "it is not clear what happened in the trial court. Consequently, [Defendant] is not entitled to plain error review." *Id*. at *6. The supreme court denied Defendant's application for permission to appeal.

Defendant filed a subsequent petition for post-conviction relief, which the trial court granted in part as a delayed appeal and stayed its consideration of Defendant's

- 3 -

remaining post-conviction claims. Defendant did not file a motion for new trial. In the delayed appeal, Defendant again argued that the evidence was insufficient; that consecutive sentencing was improper; that the trial court erred by denying his motion to suppress evidence found in his vehicle; that the State committed prosecutorial misconduct during closing arguments, and that the trial court erred by failing to instruct the jury as provided by *State v. White*, 362 S.W.3d 599 (Tenn. 2012).

On direct appeal, in *State v. Stephano L. Weilacker*, No. M2013-01532-CCA-R3-CD, 2014 WL 4402123 (Tenn. Crim. App. Sept. 8, 2014), which will be referred to as *Weilacker II*, this court affirmed Defendant's convictions, holding that he had waived all issues except for sufficiency of the evidence and sentencing because again no timely motion for new trial was filed. *Id*. at *3. This court also agreed with the State that Defendant's issues concerning sufficiency of the evidence and sentencing could not be addressed because they were addressed in *Weilacker I* and therefore the "law of the case doctrine" applied. *Weilacker II*, at *2-3. This court considered Defendant's remaining issues under plain error review since no timely motion for new trial was filed and found that Defendant was not entitled plain error relief. *Id*. at *3-10.

The supreme court granted Defendant's application for permission to appeal and stated as follows:

> For the reasons stated herein, the Court of Criminal Appeals' judgment is vacated, and the case is remanded for further proceedings.
>
> On June 3, 2013, the trial court granted [Defendant] a delayed appeal as provided by Tenn. Code Ann. § 40-30-113, because trial counsel untimely filed a motion for a new trial as provided by Tenn. Code Ann. § 40-30-113(a)(3). On appeal, the Court of Criminal Appeals held that [Defendant] had waived all issues other than sufficiency of the evidence and sentencing, because no timely motion for a new trial was filed. [citations omitted]. As a matter of judicial efficiency and to meet the ends of justice, we remand this case to the trial court for [Defendant's] counsel to file a proper motion for a new trial. [citations omitted].
>
> Upon remand, [Defendant's] counsel shall, within thirty days from the date of the entry of this order, file a proper motion for a new trial regarding [Defendant's] convictions for especially aggravated kidnapping and aggravated robbery. The original trial court shall dispose of the motion as if it had been filed under authority of Rule 59 of the Rules of Civil Procedure. See Tenn. Code Ann. § 40-30-113(a)(3).

*State v. Stephano L. Weilacker*, No. M2013-01532-SC-R11-CD (Tenn. Jan. 20, 2015)(per curiam).

Thereafter, Defendant filed a timely motion for new trial raising the following issues: (1) Defendant was denied due process because the jury instructions failed to require the jury to consider whether the restraint of the victim of the especially aggravated kidnapping was incidental to the underlying aggravated robbery as required by *White*; (2) Sufficiency of the Evidence (victim did not suffer serious bodily injury and no corroboration of Mr. Selby's testimony); (3) The trial court erred by denying Defendant's motion to suppress; (4) The prosecutor committed prosecutorial misconduct by improperly vouching for Mr. Selby's credibility during closing arguments; (5) Consecutive sentencing; and (6) Cumulative error. The trial court considered each issue and denied Defendant's motion for new trial. Defendant filed an untimely notice of appeal. He sought waiver of the untimely filing, which this court granted.

*Analysis*

Initially, we point out that in this appeal, Defendant argues that "the post-conviction Court's grant of a delayed appeal resulted in a vacating of this Court's prior opinion (*Weilacker I*) resulting in this being his delayed, first true appeal in this matter." He further argues that the "law of the case doctrine" does not apply in this case "where the defendant receives a delayed appeal because, by the plain-language of the statute, the prior rulings of the court where the defendant was denied the effective assistance of counsel are voided and vacated." Therefore, Defendant argues that issues relating to sufficiency of the evidence and sentencing "should be treated anew by this Court and addressed as if no prior ruling had occurred." He notes that the supreme court's order vacated *Weilacker II* and that this court should consider all of the issues raised in Defendant's brief "as if no prior opinions had existed in this [c]ase."

We reject Defendant's arguments that the post-conviction court's grant of a delayed appeal and the supreme court's Rule 11 order nullified this Court's holdings on the issues addressed on the merits in *Weilacker I* and *Weilacker II*. Defendant cites no relevant authority for this proposition, and this Court is unaware of any applicable case law that supports it. "[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998); *see also State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000). This doctrine "applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication," but the doctrine does not apply to dicta. *Memphis Publg. Co.*, 975 S.W.2d at 306. The doctrine "is not a constitutional mandate nor a limitation on the power of a court" but "is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily

need not be revisited." *Id.* (citations omitted). Application of the doctrine promotes finality, efficiency, consistent results, and obedience to appellate decisions. *Id.*

There are three "limited circumstances" that may justify a departure from the law of the case doctrine and subsequent reconsideration of an issue decided in a previous appeal:

> (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Id.*

### I. Sufficiency of the Evidence

First, Defendant argues that the evidence was insufficient to support his convictions for especially aggravated kidnapping and aggravated robbery because the evidence did not corroborate the testimony of co-defendant David Selby. However, this issue was raised in both *Wielacker I* and *Weilacker II*, and it was decided on the merits in *Weilacker I*. This court determined that there was sufficient corroboration and that the "jury clearly determined that the evidence at trial corroborated Mr. Selby's testimony and independently connected [Defendant] with the crimes." *Weilacker I,* 2011 WL 743416, at *5. Therefore, the "law of the case doctrine" applies, and none of the exceptions in *Memphis Publ'g Co.* apply to this issue.

### II. Constructive Amendment to the Indictment

Defendant contends that the trial court "permitted a reversible constructive amendment to the indictment because it did not charge especially aggravated kidnapping as it was alleged in the indictment." However, Defendant concedes that he did not raise this issue in his motion for new trial. Therefore, the issue is waived. *See* Tenn. R. App. P. 3(e). We also exercise our discretion and decline to conduct plain error review of this issue. Defendant is not entitled to relief.

### III. Jury Instruction on Kidnapping

Next, Defendant argues that the trial court should have instructed the jury on the offense of kidnapping in accordance with the supreme court's decision in *State v. White*, 362 S.W.3d 559 (Tenn. 2012). This issue was raised in *Weilacker II*; however, this court did not expressly hold that Defendant was not entitled to relief based on the merits of the issue. Concerning this issue, this Court held in part:

Turning to the instant case, the evidence shows that one of the robbers pointed a gun at [Lavarre] and Perry and ordered [Lavarre], but not Perry, onto the floor. Pointing the gun at [Lavarre] and then ordering him onto the floor prevented him from summoning help; reduced the robbers' risk of detection by preventing passerbys from seeing [Lavarre]; and increased [Lavarre's] risk of harm, as evidenced by his lying prone on the floor so that the robbers could shoot him. We note that the robbers shot [Lavarre] after Perry had complied with the demand for money and cigarettes. Therefore, ample evidence supported the appellant's conviction for the especially aggravated kidnapping of [Lavarre]. *The appellant has failed to show that consideration of the error is necessary to do substantial justice and that the trial court's error was plain error.*

*Weilacker II*, 2014 WL 4402123, at *10 (emphasis added). We find that that the language in the last sentence of this Court's holding only finds that plain error review is not appropriate, and as a result, the discussion is merely *dicta* and is *not* the law of the case. Therefore, we will address this issue on the merits.

In *White*, our supreme court addressed due process considerations affecting convictions for kidnapping and an accompanying felony such as robbery, rape, or assault. The holding of *White* "was intended to address the due process concerns that arise when a defendant is charged with kidnapping a victim and other crimes, such as robbery, rape, or assault, that involve some inherent confinement of that victim." *State v. Teats*, 468 S.W.3d 495, 503 (Tenn. 2015). The *White* court held:

> [T]he legislature did not intend for the kidnapping statutes to apply to the removal or confinement of a victim that is essentially incidental to an accompanying felony, such as rape or robbery. This inquiry, however, is a question for the jury after appropriate instructions, which appellate courts review under the sufficiency of the evidence standard as the due process safeguard.

*White*, 362 S.W.3d at 562. The court determined that the proper inquiry for the jury is "whether the removal or confinement is, in essence, incidental to the accompanying felony or, in the alternative, is significant enough, standing alone, to support a conviction." *Id*. at 578. The court further set forth the following jury instruction:

> To establish whether the defendant's removal or confinement of the victim constituted a substantial interference with his or her liberty, the State must prove that the removal or confinement was to a greater degree than that necessary to commit the offense of [insert offense], which is the other offense charged in this case. In making this determination, you

- 7 -

may consider all the relevant facts and circumstances of the case, including, but not limited to, the following factors:

• the nature and duration of the victim's removal or confinement by the defendant;

• whether the removal or confinement occurred during the commission of the separate offense;

• whether the interference with the victim's liberty was inherent in the nature of the separate offense;

• whether the removal or confinement prevented the victim from summoning assistance, although the defendant need not have succeeded in preventing the victim from doing so;

• whether the removal or confinement reduced the defendant's risk of detection, although the defendant need not have succeeded in this objective; and

• whether the removal or confinement created a significant danger or increased the victim's risk of harm independent of that posed by the separate offense.

*Id.* at 580-81. The standard of review is the same as that for reviewing the sufficiency of the evidence: whether there was any evidence, viewed in the light most favorable to the State, from which the jury could infer that the State met its burden of proof in showing that the victims' restraining was not incidental to the accompanying felonies. *Id*. at 562.

The supreme court has addressed the issue of whether a *White* jury instruction must be given when a defendant is charged with the kidnapping and robbery of separate victims. *See State v. Teats*, 468 S.W.3d 495 (Tenn. 2015); *State v. Williams*, 468 S.W.3d 510 (Tenn. 2015). In *Teats*, the court determined that

[a] *White* jury instruction is not required when a defendant is charged with the kidnapping and robbery of different victims. The jury instruction we articulated in *White* was intended to address the due process concerns that arise when a defendant is charged with kidnapping a victim and other crimes, such as robbery, rape, or assault, that involve some inherent confinement of that victim. *Cf. State v. Salamon*, 949 A.2d 1092, 1117 (Conn. 2008) ("Our legislature . . . intended to exclude from the scope of . . . kidnapping . . . those confinements or movements of a victim that are merely incidental to and necessary for the

commission of another crime against that victim." (emphasis added)). Where a defendant is charged with kidnapping and an accompanying offense involving some confinement of the same victim, there are appropriate due process concerns that the defendant could be convicted of two crimes - e.g. robbery and kidnapping - when he has only committed one crime - robbery. But where, as in this case, the State charged the Defendant with robbing the restaurant manager and kidnapping four other employees, the Defendant does not stand the risk of being convicted of kidnapping a victim he confined only long enough to rob. Simply put, the due process concerns articulated in *White* are not present, as the kidnapping of one or more victims can never be "essentially incidental" to an offense perpetrated against a different victim or victims. *See White*, 362 S.W.3d at 580.

*Teats*, 468 S.W.3d at 503.

In the present case, we conclude that there are no due process concerns. In Defendant's case, there were two offenses and two convictions, one for each victim. Defendant was charged with the especially aggravated kidnapping of Mr. Lavarre and the aggravated robbery of Ms. Perry. Although the robbery indictment contains language that Defendant kidnapped Mr. Lavarre by the use and display of a deadly weapon to "facilitate the commission of a felony, Aggravated Robbery," this language is merely surplusage to the charged offense of especially aggravated kidnapping. "Simply put, where a defendant kidnaps one victim while robbing another, the due process concerns articulated in *White* are not present, as the *kidnapping of one or more victims can never be 'essentially incidental' to an offense perpetrated against a different victim or victims*." *Williams*, 468 S.W.3d at 516 (emphasis added). Therefore, the trial court was not required to instruct the jury in accordance with *White*. Defendant is not entitled to relief on this issue.

## IV. Denial of Motion to Suppress

Defendant argues that the trial court erred by denying his motion to suppress evidence found as a result of the search of his vehicle. Again, this issue was raised in *Weilacker II*, and it was addressed on the merits. This court determined that "A clear and unequivocal rule of law was not breached, and the appellant is not entitled to plain error relief." This court summarized evidence at the suppression hearing and determined that "even if the gun had not been in the officers' view, it would have been reasonable for them to believe that the car contained evidence of the offense of arrest and to have conducted a warrantless search of the vehicle pursuant to *Gant*." *Weilacker II*, 2014 WL 4402123, at *7. Therefore, the "law of the case doctrine" applies, and none of the exceptions in *Memphis Publ'g Co.* apply to this issue.

## V.    Prosecutorial Misconduct

Next, Defendant argues that the State committed prosecutorial misconduct during closing argument by improperly vouching for David Selby and arguing facts not in the evidence. This issue was raised in *Weilacker II* and addressed by this court on the merits. Therefore, the "law of the case doctrine" applies here also.

Defendant is not entitled to relief on this issue.

## VI.    Sentencing

Finally, Defendant argues that the trial court improperly ordered his effective twenty-year sentence for aggravated robbery and especially aggravated kidnapping to run consecutively to a sentence that he was already serving in the Department of Correction. However, this issue was also raised in both *Weilacker I* and *Weilacker II*, and it was decided on the merits in *Weilacker I*. This court determined that the trial court properly found Defendant to be a dangerous offender, and the "trial court correctly applied the *Wilkerson* factors on the record." *Weilacker I* at *9. Therefore, the "law of the case doctrine" applies, and none of the exceptions in *Memphis Publ'g Co.* apply to this issue. Defendant is not entitled to relief.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE