IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ANDRE ANTHONY

**Appeal from the Criminal Court for Shelby County**
**Nos. 00-00157, 00-00158, 00-00159, 00-00160, 00-00161      Glenn Ivy Wright, Judge**

_____

### No. W2016-02347-CCA-R3-CD

_____

The Appellant, Andre Anthony, appeals from the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

John P. McNeil, Memphis, Tennessee, for the appellant, Andre Anthony.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Appellant was convicted by a Shelby County jury on February 22, 2002, for two counts of forgery over $500, one count of forgery over $1,000, one count of criminal attempt to commit first degree murder, and one count of especially aggravated robbery. After conviction, the trial court sentenced the Appellant to twenty-four years (24) for the conviction of attempted first degree murder, twenty-two (22) years for the especially aggravated robbery offense, four (4) years on the Class D felony forgery offense, and two (2) years on each of the Class E felony forgery offenses. Based on a finding that

Appellant was a dangerous offender, the trial court ordered Appellant to serve his sentence for especially aggravated robbery consecutively to his sentence for attempt to commit first degree murder for an effective sentence of forty-six (46) years. On appeal, this Court affirmed the Appellant's convictions and sentence. *State v. Andre Anthony*, No. W2002-01377-CCA-R3-CD, 2003 WL 23100339 (Tenn. Crim. App. Dec 30, 2003), *perm. app. denied* (Tenn. June 1, 2004). The Appellant then filed a petition for post-conviction relief which was denied by the post-conviction court with said denial being affirmed on appeal. *Andre Anthony v. State,* No. W2007-00532-CCA-R3-PC, 2008 WL 763783 (Tenn. Crim App. Aug. 25, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008).

The Appellant has now filed an "Application for Dismissal or Quashing of Indictment on Constitutional Grounds." The pleading filed by the Appellant raised only constitutional issues related to the racial makeup of the grand jury and the appointment of the grand jury foreman. Upon receipt of the pleading, the trial court appointed counsel for the Appellant and conducted a hearing on the pro se pleading without amendment by counsel. During the hearing, the Appellant raised issues relating to the legal reasoning behind the consecutive nature of his sentences. This argument was presented for the first time from the witness stand and was not raised in the pleadings prior to hearing. After hearing, the trial court entered an order dismissing the Appellant's "petition to set aside / post-conviction /36.1." Counsel for the Appellant then sought to perfect the present appeal.

On appeal, the Appellant appears to have abandoned the constitutional claims originally raised in the trial court and is focused solely on the propriety of the consecutive sentencing. Therefore, the Appellant has waived any review of the constitutional issues raised in his written pleading. *See* Tenn. R. App. P. 27.

Focusing only on the consecutive sentencing, the Appellant argues for relief under Rule 36.1 of the Tennessee Rules of Criminal Procedure. However, his original pleading, which was never amended, made no argument relating to the illegality of his sentence but only challenged the makeup and conduct of the grand jury. The first time the Appellant mentioned the illegality of his sentence was while testifying during the hearing. As such, this matter cannot be reviewed as a motion to correct an illegal sentence. Rule 36.1 of the Tennessee Rules of Criminal Procedure states in part:

> (a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each

judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

While the Appellant filed a written motion, his motion does not reference Rule 36.1 or his sentence. Additionally, he failed to include copies of the judgments at issue. As such, the trial court did not err in dismissing the Appellant's motion.

Further, the law of the case doctrine prevents the Appellant from again challenging the consecutive nature of his sentences. The law of the case doctrine prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. *State v. Jefferson*, 31 S.W.3d 558 (Tenn. 2000). This rule applies to issues that were explicitly raised on prior appeal and those issues which were decided by implication. *Id*. On his direct appeal, the Appellant challenged his consecutive sentences arguing, inter alia, that there was insufficient proof to support the trial court finding that he is a dangerous offender and that he showed little or no regard for human life as aggravating circumstances for consecutive sentencing. *See State v. Anthony*. The Appellant now seeks to argue essentially the same issues in this appeal by challenging the enhancement factors used by the trial court in sentencing. Any review of that argument is barred as this matter has been ruled upon by this Court in a prior proceeding.

The trial court was not in error in dismissing the petition of the Appellant. When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE