IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 17, 2015


**ROGER JOSEPH v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Bradley County**
**No. 15CR227      Sandra Donaghy, Judge**

_____


**No. E2015-01324-CCA-R3-PC – Filed February 12, 2016**
_____


The petitioner, Roger Joseph, appeals the summary dismissal of his petition for post-conviction relief. The petitioner pled guilty to premeditated first degree murder and was sentenced to life imprisonment. In his instant petition, he contends that his guilty plea was not entered knowingly and voluntarily based upon the ineffective assistance of counsel. While acknowledging that the petition was filed well outside the statute of limitations, he claims that he has shown that due process requires the tolling of the statute based upon his mental condition. Based upon that assertion, he contends that the summary dismissal of the petition was erroneous. Following review of the record, we conclude that the law of the case doctrine prohibits our review of that issue and affirm the dismissal of the petition.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROGER A. PAGE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Roger Joseph, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; and Stephen Crump, District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

## Factual Background and Procedural History

The facts underlying the petitioner's conviction, as recited at the guilty plea hearing, are as follows:

> If I was to call witnesses in this particular case there would be witnesses that would indicate that the [petitioner] had in the past called [the victim], that he had actually threatened her on the phone, that he was upset about her interference with his relationship with Jennifer Rahamut. There would also be evidence that on the night of the murder there was an eight minute phone call from his motel room to her residence, there would be evidence that when he went to the residence he carried a newspaper. There would be evidence that he regularly did not read a newspaper because he didn't read very well. There would be evidence that the murder weapon was 14 inches long, it was a huge knife, your Honor. And there would be evidence that it appeared that he concealed that knife in the newspaper when he traveled. There would also be evidence that [the victim] made some phone calls between the time that the phone call came from the hotel and called some people that she had called in the past and asked them to come over to the house as she had done in the past. Your Honor, when I spoke to the experts from Middle Tennessee they essentially told me that as they examined him over the period that they examined him that there w[ere] never any delusion about why this murder took place when they discussed it with him. He never had any delusional reasons, and also he denied initially that he did it, and those were the reasons that they would testify and their expert opinion would have been that he was not insane at the time of the act . . . .

The petitioner was indicted for first degree premeditated murder and aggravated assault. The petitioner subsequently accepted a guilty plea to the murder charge on April 25, 2001, and he was sentenced to a term of life imprisonment. The aggravated assault charge was dismissed. No direct appeal was taken.

In February of 2002, the petitioner filed a timely petition for post-conviction relief asserting ineffective assistance of counsel and an involuntary plea. The record indicates that various mental health facilities were ordered to produce records in the case. While a hearing began, no ruling was ever made on the merits of the petition, as the petitioner

2

chose to voluntarily withdraw the petition. Apparently, only an oral ruling from the bench was issued by the court dismissing the petition without prejudice. No written order was entered.

The next petition for relief was filed by the petitioner on February 17, 2010. The petition again raised the grounds of mental incompetence, ineffective assistance of counsel, and an involuntary plea. Specifically, he argued that because "he [was] heavily medicated due to his mental situation, . . . his plea was entered involuntarily and trial counsel was ineffective because he knew Petitioner was taking the medication at the time." *Roger Joseph v. State*, No. E2010-01891-CCA-R3-PC, 2012 WL 187040, at *2 (Tenn. Crim. App. Jan. 23, 2012). The petitioner acknowledged that his petition was filed outside the one-year statute of limitations period, but he contended that it should be tolled. *Id.* at *1. The post-conviction court disagreed and summarily dismissed the petition on February 28, 2010. In denying the motion, the post-conviction court stated as follows:

> A review of the petition shows the petition is not completely filled in as to date of conviction, time of conviction, et cetera, and further that the petition indicates no prior post-conviction relief petitions have been filed.

> A search of the court records pertaining to petitioner will reveal prior petitions for post-conviction relief which have been resolved on the merits by a court of competent jurisdiction, and further that this petition is filed well outside the time frame for post-conviction relief.

*Id.* The petitioner filed notice of appeal to this court.

On appeal, the petitioner argued that it was error to summarily dismiss the petition. *Id.* The State countered that the dismissal was appropriate because the petition was not timely filed and because the claims raised in the petition had been addressed in previous proceedings. *Id.*

This court concluded that the situation alleged by the petitioner did not fall within one of the enumerated exceptions to the statute of limitations, nor did due process require

3

that the statute be tolled. *Id.* at *4. With regard to due process tolling in terms of a person being unable to manage their personal affairs or understand their legal rights, this court concluded that the petitioner "made no specific factual allegations that following his conviction in 2001, he was unable to manage his personal affairs until 2010." *Id.* Because the petitioner failed to comply with the requirements of *State v. Nix*, 40 S.W.3d 463 (Tenn. 2001), this court determined that the post-conviction court correctly dismissed the petition as untimely. *Roger Joseph*, 2012 WL 187040, at *4. Additionally, this court concluded that the petition was properly dismissed because a prior petition for relief had been filed in the case, and the Post-Conviction Act contemplates the filing of only one petition for relief. *Id.* No appeal was taken from the decision.

On March 12, 2013, the petitioner filed a petition for a writ of habeas corpus, which was dismissed on August 19, 2013. This court affirmed that dismissal. *Roger Joseph v. David Sexton, Warden*, No. E2013-02091-CCA-R3-HC, 2014 WL 576405, at *1 (Tenn. Crim. App. Feb. 12, 2014), *perm. app. denied* (Tenn. June 24, 2014).

Next, on May 29, 2015, the petitioner filed the instant pro se petition for post-conviction relief. He again raised the same issues as in his prior petition. However, he specifically asserted in this petition that the statute of limitations should be tolled because of mental incompetency. Attached to the petition were multiple mental health records.

After reviewing the petition, the post-conviction court summarily dismissed the petition on June 17, 2015. In its written order dismissing the petition, the post-conviction court made the following findings of fact:

> After examining [the petitioner's] petition for post-conviction relief filed with this court, as well as the files and correspondence relating to the judgment under attack, this court dismisses the claim in light of Joseph v. State, 2012 Tenn. Crim. App. LEXIS 43 (Tenn. Crim. App. Jan. 23, 2012), as well as Tenn. Code Ann. § 40-30-102(c) . . . .

> . . . .

4

The petition at hand was filed on May 29, 2015, and again alleges that the guilty plea was involuntarily entered without understanding the nature of the consequences of the plea, that he was denied effective assistance of counsel, and "other grounds." [The petitioner] does not expressly state what his other grounds are; however, in reviewing the attached documentation, this court believes his "other grounds" to be his mental incompetence. The same mental health treatment records that were attached to his previous filings were attached as exhibits to the petition under review. These documents relate to the previously filed actions and were known to the litigants. The totality of this documentation was previously considered by the trial court, the post-conviction relief court, the habeas court, and the Court of Criminal Appeals.

The court finds that:

(1) [The petitioner] pled on April 25, 2001.
(2) He did not appeal the conviction.
(3) Neither heavy medication due to a mental situation nor ineffective assistance of counsel related to knowledge of medication are exceptions to the rule requiring post-conviction relief petitions to be filed within one (1) year.
(4) [The petitioner] has filed two post-conviction petitions and one habeas corpus petition prior to the instant petition for post-conviction relief.
(5) The filings of [the petitioner] have been reviewed at the trial court level and at the appellate level. No relief has been granted from the judgment.
(6) The instant petition was filed on May 29, 2015, well outside the one-year statute of limitations. . .

The petitioner filed a timely notice of appeal challenging the summary dismissal.

**Analysis**

Under the Post-Conviction Procedure Act, relief is available when a conviction "is void or voidable because of the abridgement of any right guaranteed by the Constitution

5

of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2010). However, a petition for relief must normally be filed within one year of the date on which the judgment became final if no direct appeal was taken. T.C.A. § 40-30-102(a). Our legislature has emphasized that "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id*., and provided only three narrow exceptions to the statute of limitations: (1) a final ruling by an appellate court announcing a new constitutional rule with retroactive application; (2) new scientific evidence establishing actual innocence; or (3) the invalidation of convictions underlying an enhanced sentence. T.C.A. § 40-30-102(b).

Again, in the case before us, it is not disputed that the petition for relief was filed well outside the applicable statute of limitations. Nor does the petitioner contend that any of the enumerated statutory exceptions apply, and we agree that they do not. However, the petitioner does contend that due process requires tolling the statute of limitations in his case.

Our supreme court has held that the right to due process may necessitate tolling the statute of limitations in certain circumstances outside of the enumerated statutory exceptions. *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for 'presentation of claims at a meaningful time and in a meaningful manner.'" *Seals*, 23 S.W.3d at 277-78 (quoting *Burford*, 845 S.W.2d at 207). "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010)).

As this court has previously explained, "due process serves to toll the post-conviction statute of limitations for petitioners who face circumstances beyond their control . . . which preclude them from actively raising their post-conviction claims." *Crystle D. Rutherford v. State*, No. M2013-01575-CCA-R3-PC, 2014 WL 1669960, at *2 (Tenn. Crim. App. Apr. 25, 2014) (citing *Williams v. State*, 44 S.W.3d 464, 469 (Tenn. 2001)). Our supreme court has identified three circumstances in which due process requires tolling the post-conviction statute of limitations: (1) when claims for relief arise after the expirations of the statute of limitations, *see Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995); (2) when a petitioner's mental incompetence prevents him from complying

6

with the statute's deadline, *see Seals*, 23 S.W.3d at 279; and (3) when attorney misconduct or abandonment prevented the petitioner from filing a post-conviction petition within the statute of limitations, *see Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013). Again, in the instant petition, the petitioner relies only upon the second circumstance, claiming that his mental issues precluded his complying with the applicable statute of limitations.

The post-conviction court dismissed the petition in this case because it had previously been ruled upon by another court. Among others, the post-conviction court relied upon this court's holding in *Roger Joseph*, 2012 WL 187040. In the opinion, this court specifically recognized that our supreme court has stated that due process consideration may require tolling of the statute of limitations if the petitioner demonstrates "that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." *Id* at * 4. This court also noted that to make a prima facie showing to toll the statute of limitations, a "petitioner must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal liabilities.[1] Unsupported conclusions or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal . . . ." *Id*. (footnote added). This court concluded that the petitioner had failed to meet the requirements in order to toll the statute of limitations. *Id*. This court specifically stated that "[b]ecause Petitioner has shown no due process violation or other reason for tolling the statute of limitations, we conclude that the post-conviction court properly dismissed the petition." *Id*. at *1.

The petitioner has again raised the same issue in the instant petition, *i.e.*, that due process requires tolling because of his mental conditions. However, as just noted, that decision has previously been ruled upon by this court.

Pursuant to the "law of the case" doctrine, "an appellate court is generally without authority to reconsider issues that have been decided in a prior appeal; 'issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited.'" *Anthony L. Washington v. Dwight Barbee, Warden*, No. W2012-01888-CCA-R3-HC, 2013 WL 2150675, at *1 (Tenn. Crim. App. May 16, 2013) (quoting *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000)). The law of the case doctrine generally

---

[1] We recognize that the standard set forth in *Nix* is no longer the requisite standard for such determinations. Our supreme court decided that, "[i]n the interest of uniformity and simplicity, . . . the standards and procedures in [Tennessee Supreme Court Rule] 28, § 11 should henceforth be used in all post-conviction proceedings . . . in which the issue of the petitioner's competency is properly raised," including "when a petitioner seeks to toll the statute of limitations in [Tennessee Code Annotated section] 40-30-102(a) due to incompetency." *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 512 (Tenn. 2013).

serves to "promote[ ] the finality and efficiency of the judicial process, avoid [ ] indefinite relitigation of the same issue, foster[ ] consistent results in the same litigation, and assure [ ] the obedience of lower courts to the decisions of appellate courts." *Jefferson*, 31 S.W.3d at 561.

Thus, pursuant to this doctrine, this court is precluded from addressing the issue raised by the petitioner, as it has already been determined. As such, we cannot conclude that the petitioner is entitled to relief.

## CONCLUSION

Based upon the foregoing, the summary dismissal of the petition for post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

8