IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2016

**STATE OF TENNESSEE v. EDDIE WILLIAMS, JR.**

**Appeal from the Criminal Court for Shelby County**
**No. 87-05185     Chris Craft, Judge**

_____

**No. W2015-02065-CCA-R3-CD  -  Filed March 31, 2016**
_____

Eddie Williams, Jr., the Defendant, appeals the summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence.  He claims that the trial court improperly used his prior petit larceny conviction to enhance his sentence.  Because this claim has previously been rejected by this court on multiple occasions and because the Defendant's motion failed to state a colorable claim, we affirm the trial court's summary denial of the motion.

 **Tenn. R. App. P.3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Eddie Williams, Jr., Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Amy P. Weirich, District Attorney General; and James J. Challen, III, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

        In 1988, the Defendant was convicted of two counts of armed robbery and was sentenced as a Range II offender to concurrent life sentences.  The Defendant appealed, claiming there was insufficient evidence to support his convictions, and this court

affirmed the convictions. <u>State v. Eddie Williams</u>, No. 20, 1988 WL 138818, *1 (Tenn. Crim. App. Dec. 28, 1988), <u>perm. app. denied</u> (Tenn. Apr. 16, 1989).

In the ensuing years since his unsuccessful direct appeal, the Defendant has filed multiple collateral attacks on his convictions. In 1990, the Defendant filed two petitions for post-conviction relief ("PCR"), which were consolidated. The petitions "alleged that the appellant had been denied the effective assistance of counsel at trial, that the appellant's prior convictions had been improperly used against him, and that the prosecutor engaged in misconduct at trial."[1] The post-conviction court denied relief, and this court affirmed the post-conviction court's dismissal of the petition. <u>See</u> <u>Eddie Williams, Jr. v. State</u>, No. 02-C01-9202-CR-00041, 1993 WL 209852, at *1 (Tenn. Crim. App. June 16, 1993), <u>perm. app. denied</u> (Tenn. Nov. 1, 1993).

In 1992, while the appeal from the denial of his first PCR petition was pending, the Defendant filed another PCR petition and an amended petition claiming, among other things, that his prior convictions had been "misuse[d]" to enhance his sentence. The post-conviction court's dismissal of the 1992 petition was affirmed by this court. <u>See</u> <u>Eddie Williams, Jr. v. State</u>, No. 02-C01-9501-CR-0016, 1995 WL 555047, at *1 (Tenn. Crim. App. Sept. 20, 1995), <u>perm. app. denied</u> (Tenn. Jan. 29, 1996).

In August 2003, the Defendant filed an application for issuance of a writ of habeas corpus, alleging his "unconstitutional sentence" had expired because the sentence was based on convictions for which he had never been convicted. The application was summarily denied, and the denial was affirmed on appeal by this court. <u>See</u> <u>Eddie Williams, Jr. v. David Mills</u>, No. W2003-02353-CCA-R3-HC, 2004 WL 221297, at *1 (Tenn. Crim. App. Jan. 30, 2004), <u>perm. app. denied</u> (Tenn. Aug. 30, 2004).

In December 2003, the Defendant filed another application for issuance of a writ of habeas corpus, claiming discrimination in the selection of the grand jury foreperson. The summary dismissal by the trial court was affirmed by this court. <u>See</u> <u>Eddie Williams, Jr. v. David Mills</u>, No. W2004-00056-CCA-R3-HC, 2004 WL 1159569, at *1 (Tenn. Crim. App. May 21, 2004), <u>perm. app. denied</u> (Tenn. Aug. 30, 2004).

In 2010, the Defendant filed a third petition for writ of habeas corpus claiming that the trial court erroneously classified him as a Range II persistent offender under the 1982 Sentencing Act. In affirming the habeas corpus court's dismissal of the petition, this court stated:

---

[1] The grounds for relief quoted above are set out in <u>Eddie Williams, Jr. v. State</u>, No. 02-C01-9501-CR-0016, 1995 WL 555047, at *1 (Tenn. Crim. App. Sept. 20, 1995), <u>perm. app. denied</u> (Tenn. Jan. 29, 1996).

The Petitioner filed the instant petition on September 15, 2005, once again challenging his classification as a Range II, persistent offender under the 1982 Sentencing Act on the basis that he did not possess the requisite prior felony convictions to qualify for range enhancement. On October 13, 2005, he amended his petition to include allegations that his sentence was enhanced in violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2006) and State v. Gomez, 239 S.W.3d 733 (Tenn. 2007). At the January 20, 2009, evidentiary hearing, the Petitioner argued that the trial court improperly relied upon two assault and battery convictions that were misdemeanors. The State argued that the issue of range enhancement was not cognizable in a habeas corpus proceeding; furthermore, the State argued that even if a cognizable claim was presented, the sentencing hearing transcript reflected that the trial court relied upon convicted felonies from November 14, 1984 and May 12, 1986 to increase the Petitioner's sentencing range. Based upon the proof presented at the evidentiary hearing, the habeas corpus court denied relief.

Eddie Williams, Jr. v. Jim Worthington, No. E2009-00355-CCA-R3-HC, 2010 WL 624014, at *1 (Tenn. Crim. App. Feb. 22, 2010), perm. app. denied (Tenn. Sept. 14, 2010). Noting that the habeas corpus court could have summarily dismissed the petition, this court continued:

Nevertheless, the habeas corpus court held an evidentiary hearing and ruled that the Petitioner failed to establish his claim. We agree with the habeas corpus court that the Petitioner failed to establish that his range enhancement was based upon prior misdemeanor convictions instead of prior felonies. In fact, the sentencing hearing transcript that the Petitioner attached to his petition indicates that the trial court based the range enhancement on felony convictions from November 14, 1984 and May 12, 1986. We reiterate however that the petitioner's claim that his sentence was enhanced without sufficient proof was not cognizable in a habeas corpus proceeding. Accordingly, with all of these considerations in mind, the petition was properly denied.

Id. at *3.

In November 2010, the Defendant filed another PCR petition, alleging in part that the trial court failed to adhere to sentencing requirements and that trial counsel was ineffective in failing to inform him that his prior petit larceny conviction could be used in determining punishment for a subsequent conviction. The post-conviction court dismissed the petition as time-barred, and this court affirmed the dismissal on appeal.

- 3 -

See Eddie Williams, Jr. v. State, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1 (Tenn. Crim. App. June 9, 2011), perm. app. denied (Tenn. Oct. 18, 2011).

In November 2011, the Defendant filed a motion to correct an illegal sentence again maintaining that the trial court improperly relied upon his petit larceny conviction to enhance his sentence. The trial court dismissed the motion, and this court granted the State's motion to dismiss the appeal for lack of subject matter jurisdiction. See Eddie Williams, Jr. v. State, No. W2012-00296-CCA-R3-PC, Order (Tenn. Crim. App. Apr. 20, 2012).

In the matter that is now before this court, the Defendant, in September 2015, filed a motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant claims his sentence is illegal because the trial court improperly used the Defendant's prior petit larceny conviction to sentence him as a Range II offender to two concurrent life sentences. The trial court summarily denied the motion by written order without appointing counsel. In its order, the trial court found that a "Range II persistent offender convicted [of robbery with a deadly weapon] under the 1982 Sentencing Act would have been exposed to a sentence of 40 years to life" and that the two life sentences were not illegal. This timely appeal followed.

## Analysis

On appeal, the Defendant argues that the trial court erred in summarily denying his motion. The State argues that "an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute" and that the trial court properly dismissed the motion because it failed to state a colorable claim under Rule 36.1. The State also argues that this issue has been raised by the Defendant previously and rejected by this court. We agree with both of the arguments of the State.

Whether the Defendant's motion states a colorable claim under Rule 36.1 "is a question of law, to which de novo review applies." State v. Wooden, 478 S.W.3d 585, 589 (Tenn. 2015).

We hold that the trial court properly denied the Rule 36.1 motion for two reasons. First, the claim raised in the Rule 36.1 motion has been previously rejected by this court in numerous post-conviction relief and habeas corpus appeals. In a prior habeas corpus appeal, in which the Defendant made the same claim concerning the use of his petit larceny conviction to enhance his sentence, this court determined that "the sentencing hearing transcript . . . indicates that the trial court based the range enhancement on felony convictions from November 14, 1984 and May 12, 1986." Eddie Williams, Jr., 2010 WL 624014, at *3. "[I]ssues previously litigated and decided by a court of competent

- 4 -

jurisdiction ordinarily need not to be revisited." State v. Jefferson, 31 S.W.3d 558, 561 (Tenn. 2000). Although "[t]here are limited circumstances which may justify reconsideration of an issue which was [an] issue decided in a prior appeal," none of those circumstances exist here. See id. There was no evidence presented in support of the motion that was "substantially different" from the evidence in the prior proceedings, the prior opinions issued by this court were not "clearly erroneous" nor "would [those opinions] result in a manifest injustice if allowed to stand, and there has been no "change in the controlling law" which has occurred during the time of the multiple appeals. See id. There is no reason for this court to revisit this issue.

Second, the motion fails to state a cognizable claim for relief under Rule 36.1. As our supreme court stated in Wooden:

> . . . [W]e next review, briefly, the types of sentences that should be deemed illegal for purposes of Rule 36.1. As explained in Cantrell, mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal. Cantrell [v. Easterling, 346 S.W.3d 445, 448-49 (Tenn. 2011)]. Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors. Id. at 449-52. Only fatal errors render sentences illegal. Id. at 452. Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. Id. The second category—appealable errors—consists of "those errors for which the Sentencing Act specifically provides a right of direct appeal." Id. at 449. Included in this category are claims "akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction," such as claims that the record does not support the trial court's factual findings regarding sentencing. Id. at 450-52. Claims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence. Id. at 450-51; see also State v. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). The final category is fatal errors, and these errors are "so profound as to render the sentence illegal and void." Cantrell, 346 S.W.3d at 452. This category consists of any sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a); see also Cantrell, 346 S.W.3d at 452. Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses. [Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010).]

Wooden, 478 S.W.3d at 595.

Even if we view the Defendant's claim in the light most favorable to the Defendant and assume that the trial court improperly used the Defendant's petit larceny conviction to enhance his sentence, an assumption that would require us to disregard prior opinions of this court to the contrary, such error would have been an appealable error because it involved "the correctness of the methodology by which the trial court imposed the sentence." Id. Such an error would not be fatal, would not render the sentence illegal or void, and would not create a colorable claim under Rule 36.1. As the trial court correctly found, a "Range II persistent offender convicted [of robbery with a deadly weapon] under the 1982 Sentencing Act would have been exposed to a sentence of 40 years to life." The two life sentences were not illegal. The Defendant's claim is without merit.

## Conclusion

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE