IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 17, 2019

**TIMOTHY D. CARTER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2019-CV-4768  John D. Wootten, Jr., Judge**

_____

**No. M2019-01014-CCA-R3-HC**
_____

The Petitioner, Timothy D. Carter, appeals the summary dismissal of his petition for writ of habeas corpus.  In it, he repeats the same issue he raised on direct appeal and his post-conviction petition, namely that the trial court lacked jurisdiction to issue a search warrant for his vehicle.  Because the Petitioner has failed to state a cognizable claim for habeas corpus relief, we affirm the denial of the habeas corpus petition

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Timothy Damon Carter, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Petitioner was convicted of theft of property valued over $60,000 and of being a felon in possession of a handgun. He was sentenced as a career offender to a total effective sentence of thirty years' confinement. State v. Timothy D. Carter, No. M2014-01532-CCA-R3-CD, 2016 WL 7799281, at *1 (Tenn. Crim. App. Mar. 8, 2016), perm. app. denied (Tenn. June 23, 2016).  Subsequently, he filed an unsuccessful petition for post-conviction relief, which was denied by the trial court, and that denial was upheld on appeal.

Timothy Carter v. State, No. M2018-00061-CCA-R3-PC, 2019 WL 1110308, at *1 (Tenn. Crim. App. Mar. 11, 2019). Next, he filed a habeas corpus petition, the denial of which is the basis for this appeal. The trial court concluded that the issue raised in that petition had been determined in the direct appeal to be without merit. The Petitioner has also filed extensive and various motions with this court regarding the jurisdiction issue and filed a reply brief reiterating what was argued in his habeas corpus brief. As this court summarized on direct appeal:

> This case arises from the theft of a comic book collection from a residence in La Vergne, Tennessee in April 2010. The [Petitioner] was identified as a suspect in the theft when he sold or attempted to sell some of the comic books at area stores. During the investigation, law enforcement officers went to the [Petitioner's] apartment and, upon seeing the stolen comic books in the backseat of a vehicle registered to the [Petitioner], impounded his vehicle to the police department. After obtaining a search warrant, law enforcement officers searched the [Petitioner's] vehicle and recovered a handgun.

Timothy Damon Carter, 2016 WL 7799281, at *2.

In the instant appeal, the Petitioner asks this court to "take judicial notice . . . of the appellate record from the Petitioner's prior direct appeal[] in order to determine . . . [w]hether the 16th Judicial District General Sessions Court Judge lacked geographical jurisdiction to issue a search warrant for the Petitioner's vehicle that was sought and warrantlessly seized . . . in the 20th Judicial District of Davidson County, Tennessee[.]" The Petitioner previously raised the instant issue on direct appeal and in his petition for post-conviction relief. On direct appeal, this court addressed the issue and found it to be without merit:

> Although, here, the Lavergne police department exceeded their jurisdictional parameters under T.C.A. § 6-54-301, the violation is statutory in nature, not constitutional. As such, the exclusionary rule does not apply. Since there was no violation of [the] Defendant's constitutional rights under the Fourth Amendment of the U.S. Constitution or Article 1, § 7 of the Tennessee Constitution, the Court DENIES [the] Defendant's suppression motion as to jurisdiction and relies upon its previous ruling issued in its November 30, 2011 Order.

Id. at *8.

The Petitioner again raised the same jurisdiction issue in his petition for post-conviction relief. This court again found the issue to be without merit, after noting that the issue had been previously determined:

> Consequently, as a stand-alone ground for relief, the [P]etitioner's challenge to the search of his vehicle qualifies as having been previously determined and, as such, he cannot raise it in a post-conviction petition. See T.C.A. § 40-30-106(h) ("A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence."). Moreover, because nothing suggests that the validity of the search was anything other than fully and fairly litigated, the "presentation of the merits of the cause" would not "otherwise be subserved" by the trial court's refusal to allow the addition of this issue couched in terms of ineffective assistance of counsel.

Timothy Carter, 2019 WL 1110308, at *8.

In summarily dismissing the Petitioner's petition for writ of habeas corpus,[1] the habeas corpus court explained that the Petitioner "already lost upon his direct appeal the same argument that he advances here regarding the illegal seizure of his vehicle from Davidson County" and concluded that the "judgment is not void."

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A challenge to the sufficiency of an indictment may be brought in a habeas corpus proceeding if "the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529.

---

[1] As noted by the habeas corpus court, this is not the first time the Petitioner has filed a petition for writ of habeas corpus. See Timothy D. Carter v. State, No. M2016-01722-CCA-R3-HC (Tenn. Crim. App. Dec. 16, 2016) (order dismissing the petition for want of prosecution).

- 3 -

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). "A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity[,]" while a void judgment "is one that is facially invalid because the court did not have the statutory authority to render such judgment. Id. at 256 (citing Dykes v. Compton, 978 S.W.2d 5289, 529 (Tenn. 1998)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Summers, 212 S.W.3d at 255.

As noted above, the Petitioner has raised the same jurisdiction issue on appeal as the sole grounds for relief. He also asks this court to take judicial notice that the habeas corpus court "incorrectly stated the material facts established by the evidence and set forth in the record[.]" We decline to do so. This court has already addressed the jurisdiction issue on both direct appeal and in the petition for post-conviction relief and found the issue to be without merit, as noted above. Consequently, as noted by the State, such determination is binding in the instant appeal. See State v. Jefferson, 31 S.W.3d 558, 560-61 (Tenn. 2020) (explaining the law of the case doctrine). Further, as also noted by the State, even if such jurisdiction arguments had merit, the Petitioner's judgments would merely be rendered voidable, not void. Nothing on the face of the Petitioner's judgments indicates that such judgments are void. The Petitioner is not entitled to relief.

# CONCLUSION

Because the Petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of his petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE