IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## ERCIL K. GATES-RAYFORD v. HILTON HALL, ET AL

**Appeal from the Criminal Court for Shelby County**
**No. 92-07649, 92-07650, 92-07651, 92-07652, 92-07653, 92-07654, 92-07655, 92-07656, 92-07657, 92-07662, 92-07663, 92-07664      Chris Craft, Judge**

———————————————————

### No. W2019-01957-CCA-R3-HC

———————————————————

The Appellant, Ercil K. Gates-Rayford,[1] appeals the trial court's summary denial of his petition for writ of habeas corpus. The State has filed a motion asking this Court to affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Ercil K. Gates-Rayford, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

---

[1] Although the judgment forms list the Appellant's name as "Ercil Gates," the Appellant has also used the surname "Rayford" and the hyphenated surname "Gates-Rayford" in his various pleadings related to the same offenses. *See Ercil K. Gates-Rayford v. Hall*, No. W2019-01987-CCA-R3-HC, 2020 WL 1902321 (Tenn. Crim. App. Apr. 17, 2020); *Ercil K. Rayford v. Tennessee Bd. of Parole*, No. W2018-00863-CCA-R3-HC, 2019 WL 328418 (Tenn. Crim. App. Jan. 23, 2019), *perm. app. denied* (Tenn. Apr. 15, 2019). For consistency, we shall refer to the Appellant by the hyphenated surname listed on the notice of appeal filed in this case.

On October 6, 1992, the Appellant pled guilty to one count of especially aggravated robbery and multiple counts of aggravated robbery.[2]  Pursuant to the plea agreement, the Appellant received a sentence of 10 years for each aggravated robbery conviction, to be served concurrently with each other and consecutively with a sentence of 20 years for the especially aggravated robbery conviction, for a total effective sentence of 30 years.  This 30-year sentence was ordered to be served consecutively to the Appellant's sentence of 7.2 years for a prior conviction for the sale of cocaine.[3]  The judgment forms for the especially aggravated robbery conviction and all but one of the aggravated robbery convictions reflect that the Appellant was awarded 213 days of pretrial jail credit.  It does not appear that the Appellant sought either a direct appeal or post-conviction relief.

On November 5, 2019, the Appellant filed a petition for writ of habeas corpus in Criminal Court of Shelby County.  The petition appears to be an exact duplicate of the petition filed in Circuit Court of Hardeman County that was the subject of this Court's prior opinion in *Ercil K. Gates-Rayford v. Hall*, No. W2019-01987-CCA-R3-HC, 2020 WL 1902321 (Tenn. Crim. App. Apr. 17, 2020) (memorandum opinion), *no perm. app. filed*.[4] According to the petition, the Appellant is being illegally "restricted [sic] of his liberty by virtue of his 1992 judgments that Judge Chris Craft admitted was [sic] active and effective on October 6, 1992."  The Appellant asserted that because he was awarded 213 days of pretrial jail credit, his sentences in each case "commence[d] on March 6, 1992, 'the offense date.'"  The Appellant requested that the "active and effective dates of [his] 20 year sentence" for especially aggravated robbery in case number 9207649 "be corrected in the Electronic Tennessee Offender Management Information System."

On December 4, 2019, the habeas corpus court entered an order summarily denying the Appellant's petition.  The court noted that the Appellant had previously raised similar claims regarding pretrial jail credit in various pleadings that were denied by the court in January and March of 2019.  The court reiterated its conclusion that because the Appellant's sentences were ordered to be served consecutively, the Appellant "is not entitled to have that [pretrial jail] credit apply to more than one indictment."  The court

---

[2] The record before this Court is unclear as to whether the Appellant was convicted of ten or eleven counts of aggravated robbery.  Because all of the sentences for aggravated robbery were the same length and order to be served concurrently, the exact number of convictions does not affect our disposition in this case.

[3] The judgment form for this prior conviction is not in the record, but the conviction and sentence are described in the habeas corpus court's December 4, 2019 order.

[4] The Appellant also previously filed a petition for writ of habeas corpus in Hardeman County in 2018, which was the subject of this Court's opinion in *Ercil K. Rayford v. Tennessee Bd. of Parole*, No. W2018-00863-CCA-R3-HC, 2019 WL 328418 (Tenn. Crim. App. Jan. 23, 2019), *perm. app. denied* (Tenn. Apr. 15, 2019).  It appears that the Appellant also filed two prior petitions in Hickman County, both in 2014, neither of which was appealed to this Court.

found that the Department of Correction was properly "enforcing [the Appellant's] effective 37.2 year sentence, which clearly has not expired." The Appellant filed a premature notice of appeal on October 21, 2019, which was deemed timely filed by this Court pursuant to Tennessee Rule of Appellate Procedure 4(d).

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence. *Id*.; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*.

The petitioner bears the burden of showing by a preponderance of the evidence that the judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate that it is void, the court may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261; T.C.A. § 29-21-109. Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

On appeal, the Appellant argues that he is entitled to 213 days of pretrial jail credit on each of his convictions[5] and that his 20-year sentence for especially aggravated robbery has expired because it was "active and effective" on October 6, 1992, twenty-eight years ago. These exact same claims were previously rejected by this Court in the Appellant's appeal from the denial of his identical habeas corpus petition filed in Hardeman County. *See Gates-Rayford*, 2020 WL 1902321, at *2. This Court concluded that the Appellant's consecutive sentences have not expired and are not illegal. *Id*. at *3. "Pursuant to the 'law

---

[5] To the extent that the Appellant is complaining that the Tennessee Department of Correction is not enforcing the judgment orders as they are written, he should seek relief pursuant to the Administrative Procedures Act. *See Fredrick Sledge v. Tennessee Dep't of Correction*, No. M2014-02564-COA-R3-CV, 2015 WL 7428578 (Tenn. Ct. App. Nov. 20, 2015), *no perm. app. filed*.

of the case' doctrine, an appellate court is generally without authority to reconsider issues that have been decided in a prior appeal[.]" *Anthony L. Washington v. Dwight Barbee, Warden*, No. W2012-01888-CCA-R3-HC, 2013 WL 2150675, at *1 (Tenn. Crim. App. May 16, 2013) (citing *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000)). The Appellant has presented no reason that this Court should reconsider its previous conclusion.

The Appellant also complains that his petition in this case was "adjudicated by [the habeas corpus court] under ex parte conditions." By this statement, we presume that the Appellant is alleging that he should have been granted a hearing on his petition. However, the habeas corpus court appropriately acted within its discretion in dismissing the petition without a hearing once it determined from the face of the pleadings that the Appellant's judgments were not void or expired. *See Summers*, 212 S.W.3d at 261; T.C.A. § 29-21-109.

For the first time on appeal, the Appellant raises an allegation that the judge who denied his habeas corpus petition in this case was also the prosecutor when the Appellant pled guilty in 1992 and, therefore, "recusal is appropriate" under Tennessee Supreme Court Rule 10B. Additionally, in both his appellate brief and in his response to the State's motion to affirm, the Appellant cites case law regarding extraordinary appeals pursuant to Tennessee Rule of Appellate Procedure 10. The Appellant seems to have misconstrued this Court's prior order, which cited Court of Criminal Appeals Rule 10 regarding inadequate briefs. We note that although these rules have the same number, they address vastly different topics, and this Court's prior order warning the Appellant that an inadequate brief could result in waiver of his issues on appeal does not in any way indicate that the Appellant is entitled to relief under the rules cited in his brief. Indeed, Tennessee Rule of Appellate Procedure 10, which provides a method of seeking a permissive appeal from an interlocutory order, is inapplicable to this case because the habeas corpus court's order denying relief is a final order from which an appeal as of right lies pursuant to Tennessee Rule of Appellate Procedure 3(b). Moreover, the Appellant did not file a timely motion in the habeas corpus court seeking disqualification or recusal of the judge pursuant to Tennessee Supreme Court Rule 10B, thereby waiving consideration of the issue on appeal. *See State v. Christopher Roy McGill*, No. M2015-01929-CCA-R3-CD, 2016 WL 3947694, at *5 (Tenn. Crim. App. July 18, 2016), *no perm. app. filed*.

Because the Appellant's total effective sentence of 37.2 years has not expired and is not illegal, he is not entitled to habeas corpus relief. When an opinion would have no precedential value, this Court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered

that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE